.JOSEPHINE SIMMONS et al., as Administrators, etc., Respondents,
    *v.* GILES EVERSON et al., Appellants, Impleaded, etc.

Persons who, by their several acts or omissions, maintain a public or com-
    mon nuisance, are jointly and severally liable for such damages as are
    the direct, immediate and probable consequences of it.
In an action to recover damages for alleged negligence causing the death
    of S., plaintiffs' intestate, these facts appeared: The defendants E., P.
    and L., were owners of three adjoining lots on a city street, upon which
    there were three brick stores, separated by partition walls, extending
    from the foundations to the roofs; the fronts of said stores were a con-
    tinuous brick wall of a uniform thickness, which was interlocked with
    the partition walls. These stores were burned, leaving the front wall
    and a part of the partition walls standing. The front wall shortly after
    began to lean toward the street and continued to do so more and more,
    until it gave way near the partition wall which separated the buildings
    of L. and P., carrying down the entire front. Material from the part of
    the front wall standing on the lots of E. and P., and from their partition
    wall, fell upon S., who was lawfully on the sidewalk, near the boundary
    between their lots, and killed him. No part of L.'s wall touched him.
    *Held*, that the evidence justified findings that the walls left standing
    became immediately after the fire unsafe, dangerous and liable to fall
    into the street, and so were a public nuisance; that each of the defend-
    ants E., P. and L. was negligent in not removing or supporting the
    walls on his lot; that the several neglects united and directly caused the
    walls to fall; and so, that they were jointly liable.
·*Chipman* v. *Palmer* (77 N. Y. 51), distinguished.

(Argued January 29, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme
·Court in the fourth judicial department, entered upon an order
made September 9, 1890, which affirmed so much of a judg-
ment in favor of plaintiffs, entered upon a decision of the court
on trial at Circuit, as was against the defendants Everson,
Pierce and Lynch, and reversed so much as was against the
defendant, the City of Syracuse, and as to said defendant
granted a new trial.

This action was brought to recover damages for the death
of Myron W. Simmons, plaintiffs' intestate, which was alleged
to have been caused by the defendants' negligence.

The trial court found that for many years prior to October 18, 1887, the appellants owned in severalty three lots, each being twenty-two feet wide, and bounded on the east by the center line of South Salina street, in the city of Syracuse. The south lot was owned by the defendant Lynch, the middle one by the defendant Pierce and the north one by the defendant Everson. On these lots stood three brick stores, separated from each other by brick partition walls extending from the foundations to the roofs. A continuous brick wall of uniform height (about 60 feet), and thickness, stood adjacent to the west line of the street and formed the front of the buildings. The partition walls and the front wall were interlocked or built together.

On the date mentioned the three stores were substantially destroyed by fire, nothing being left standing except the front wall, a part of the partition walls and a small part of the wood work in the front of Everson's building. Shortly after this event the front wall began to lean toward the street, and continued to incline more and more in that direction until November 17, 1887, when it gave way near the point where it was united with the partition wall between the buildings of Lynch and Pierce, carrying down the entire front and part of both partition walls. Material from the part of the front wall standing on the lots of Everson and Pierce, and from their partition wall, fell on and killed the plaintiffs' intestate, who was lawfully on the sidewalk near the boundary between their properties. No part of the walls on Lynch's lot fell on decedent. It was found that immediately after the fire the front and part of the partition walls became weak, unsafe, dangerous and liable to fall into the street, and that each of the defendants was careless and negligent in not removing or supporting the walls on his own lot, and that the several neglects of the defendants united and directly caused the walls to fall. It was further found that these walls were so unsafe that they were a public nuisance, and also that the decedent did not negligently contribute to the accident or to his own death. The damages were assessed at $5,000.

*M. M. Waters* for appellant Everson. Everson is not to be presumed to have violated his duty in acting upon the theory that neither Pierce nor Lynch would be guilty of negligence, resulting in injury to him and the deceased. (*Newsen* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383, 389.) An act or omission of duty, several when committed, cannot be made joint, because of the consequences which follow in connection with others who had done the same or similar acts. (*Chapman* v. *Palmer*, 77 N. Y. 51, 73.)

*Smith, Kellogg & Wells* for appellant Pierce. Plaintiffs' intestate was a trespasser on the premises of the defendant, and, therefore, cannot recover. (Smith on Negligence, 61; *Larmour* v. *C. P. I. Co.*, 101 N. Y. 391; *Converse* v. *Walker*, 30 Hun, 596; *P. R. R. Co.* v. *Bingham*, 29 Ohio St. 364; *Parker* v. *P. P. Co.*, 69 Me. 173; *Vanderbeck* v. *Hendry*, 34 N. J. L. 467; *J. R. R. Co.* v. *Goldsmith*, 47 Ind. 43; *Zoebisch* v. *Tarbell*, 10 Allen, 385; *McAlpin* v. *Powell*, 70 N. Y. 126; *Sweeny* v. *O. C. & N. R. Co.*, 10 Allen, 368; *Nicholson* v. *E. R. Co.*, 41 N. Y. 525; *Leary* v. *C. R. Co.*, 78 Ind. 323; *Tallman* v. *S. B. & N. Y. R. Co.*, 98 N. Y. 198; *Hartfield* v. *Roper*, 21 Wend. 615; *Rathbun* v. *Payne*, 19 id. 399; *Barker* v. *Savage*, 45 N. Y. 191.) The damage sustained by the plaintiffs' intestate is not the ordinary or probable consequences of leaving the defendant Pierce's wall standing. While a person who does a wrongful act is answerable for all consequences that may ensue in the ordinary and natural course of events, though such consequences be immediately and directly brought about by intervening causes, still such intervening causes must be set in motion by the wrong-doer. (Thomp. on Neg. 1084; *Lowry* v. *M. R. Co.*, 99 N. Y. 158; *Ring* v. *City of Cohoes*, 77 id. 83; *Cartar* v. *Town*, 103 Mass. 407; *Hofnagle* v. *R. R. Co.*, 55 N. Y. 608; *Parker* v. *City of Cohoes*, 10 Hun, 531; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 209.)

*Hiscock, Doheny & Hiscock* for appellant Lynch. The deceased was guilty of contributory negligence and, therefore,

cannot recover. (*Victory* v. *Baker*, 67 N. Y. 366; *Livermore* v. *C. P. I. Co.*, 101 id. 391; *Leary* v. *C. R. Co.*, 78 Ind. 323; *Converse* v. *Walker*, 30 Hun, 596.) The falling of the wall of the Lynch building was not the proximate cause of the death of the deceased. (*Ryan* v. *N. Y. C. & H. R. R. R. Co.*, 35 N. Y. 210; *Reiper* v. *Nichols*, 31 Hun, 401; *Read* v. *Nicholas*, 28 N. Y. S. R. 867.)

*William Nottingham* for respondents. A dangerous wall or structure of any kind, which is so near the public highway as to menace the safety of persons traveling or lawfully being thereupon, is a public nuisance, and for a failure to remove it both the owner of the property upon which it stands and the person or body corporate charged with the oversight of the highway, are liable to anyone who may be injured by its falling. (*Regina* v. *Watts*, 1 Salk. 356; *Rector, etc.,* v. *Buckhart*, 3 Hill, 193; *Mullen* v. *St. John*, 57 N. Y. 567; *Vincett* v. *Cook*, 4 Hun, 318; *Hume* v. *Mayor, etc.,* 74 N. Y. 264; *Kiley* v. *City of Kansas*, 69 Mo. 102; *Parker* v. *Mayor, etc.,* 39 Ga. 725; *H. W. Co.* v. *Orr*, 83 Penn. St. 332; *Schilling* v. *Abernethy*, 112 id. 437; *Cain* v. *City of Syracuse*, 95 N. Y. 89; *Dygert* v. *Schenck*, 23 Wend. 446; *Congreve* v. *Smith*, 18 N. Y. 79; *Irvine* v. *Wood*, 51 id. 224; *Wasmer* v. *D., L. & W. R. Co.*, 80 id. 212.) From the mere fact that this wall fell into the public street and injured the plaintiff, the law presumes negligence on the part of the property owners and the burden is cast upon them of furnishing some explanation which is consistent with proper care upon their part. (*Byrne* v. *Boadle*, 2 H. & C. 722; *Scott* v. *L. D. Co.*, 3 id. 596; *Kearney* v. *L. R. R. Co.*, L. R. [5 Q. B.] 411; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 id. 227; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 562; *R. M. Co.* v. *N. H. S. Co.*, 50 id. 121; *Mulcairns* v. *City of Janesville*, 67 Wis. 24; *H. W. Co.* v. *Orr*, 83 Penn. St. 332.) The negligence of each of defendants co-operated with the negligence of the others to produce the injury and, therefore, each separately

and all together are holden to the party injured. (*Chapman* v. *N. H. R. R. Co.*, 19 N. Y. 341; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 id. 492; *Webster* v. *H. R. R. R. Co.*, 38 id. 260; *Barrett* v. *T. A. R. R. Co.*, 45 id. 628; *Slater* v. *Mersereau*, 64 id. 138; *Masterson* v. *N. Y. C. & H. R. R. R. Co.*, 84 id. 247; *Ring* v. *City of Cohoes*, 77 id. 90; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206; *Stringham* v. *Stewart*, 100 id. 516.) The action was properly brought against defendants jointly. (*Suydam* v. *Moore*, 8 Barb. 358; Code Civ. Pro. §§ 488, 499; *Fish* v. *Hose*, 59 How. Pr. 238.) Simmons did the best he could to extricate himself from the peril in which defendants' negligence placed him. His presence at the place of the accident was not contributory negligence, because it did not cause the wall to fall. It was a mere accident of location. (*Coulter* v. *A. U. E. Co.*, 56 N. Y. 585; *Twomley* v. *C. P.*, etc., *R. R. Co.*, 69 id. 158; *Platz* v. *City of Cohoes*, 89 id. 219, 223; *Voak* v. *N. C. R. R. Co.*, 75 id. 320; *Bullock* v. *Mayor, etc.*, 99 id. 654, 656; *Gordon* v. *City of Richmond*, 83 Va. 436, 441.)

FOLLETT, Ch. J. It is urged, in behalf of the defendants, that at most this is but a case of several independent acts of negligence committed by each, the joint effect of which caused the accident, and for which they are not jointly liable within the rule laid down in *Chipman* v. *Palmer* (77 N. Y. 51).

The case at bar does not belong to the class of actions arising out of acts or omissions which are simply negligent, and while the defendants did not intend by their several acts to commit the injury, their conduct created a public nuisance which is an indictable misdemeanor under the statutes of this state (Penal Code, §§ 385, 387; *Vincett* v. *Cook*, 4 Hun, 318) and at common law. (*Regina* v. *Watts*, 1 Salk. 357; *S. C.*, 2 Ld. Raym. 856; 1 Russ. Cr. [5th ed.] 423; 2 Whar. Cr. Law, § 1410; Big. Torts, 237; Pol. Torts [2d ed.] 345; Stephens Dig. Cr. Law, art. 176; Indian P. C. § 268.)

Persons who by their several acts or omissions maintain a public or common nuisance, are jointly and severally liable for

such damages as are the direct, immediate and probable consequence of it. (*Irvine* v. *Wood,* 51 N. Y. 224, 230; *Slater* v. *Mersereau,* 64 id. 138; *Timlin* v. *Standard Oil Co.,* 54 Hun, 44; *Klauder* v. *McGrath,* 35 Penn. St. 128; 1 Shear. & R. Neg. [4th ed.] § 122; Pol. Tort [2d ed.] 356.)

The fall of these four-story brick walls into the street, was the direct and immediate consequences of the several acts of the defendants in suffering the portions standing on their own lots to remain unsupported after they had visibly begun to incline towards the street, and it was as obvious before as it was after the accident that if any part of the front wall fell, a large part of it must, and that it would go into the street.

The judgment should be affirmed, with costs.

All concur, except VANN, J., not voting.

Judgment affirmed.