Evelyn McConnell, Plaintiff, v. William Bostelmann, Defendant.

*City — when liable for injuries sustained from ice on its street — when an individual creating the nuisance is liable — a question for the jury.*

A person injured through the neglect of a city in not removing snow and ice which have accumulated upon a sidewalk, or in not repairing a street which is out of repair, has a remedy against the city.

A person who, without special authority, materially obstructs a street or highway, or renders its use hazardous by doing anything upon, above or below its surface, is guilty of a nuisance, and an individual sustaining special damage therefrom, without any want of due care to avoid injury, has a remedy by action against the author or the person continuing the nuisance.

In an action brought to recover damages for personal injuries sustained by the plaintiff in slipping upon ice formed upon the sidewalk in front of the premises owned by the defendant, it was alleged in the complaint that the premises were unlawfully constructed with an awning over the street, from the roof of which the water flowed into a gutter on the outer edge, and from such gutter was discharged through short spouts or elbows in mid-air, more than twelve feet above the sidewalk, and descended and flowed, or was blown upon the sidewalk and froze thereon, rendering the sidewalk slippery and unsafe; that such structure or awning was an encroachment and an obstruction upon the street; that by reason thereof the water from the roof was discharged upon the highway, froze upon the sidewalk and formed the ice which caused the plaintiff's fall and her subsequent injuries, and that the defendant permitted the sidewalk to remain in such slippery condition, and that the plaintiff's injuries were received in consequence of such negligence.

The evidence showed that on March 4, 1891, it snowed and turned to sleet, and up to midnight four and two-tenths inches of snow had fallen. On the fifth, the day of the accident, which happened in the afternoon, it was freezing in the shade and thawing in the sun. The plaintiff, with a number of other people, came off a train, crossed a ferry and was going up the street when she slipped and fell. The awning posts were covered with ice, and a witness testified that there was a sheet of ice from the fresh water that had recently fallen;

that quite a volume of water was coming down, which made the ice and sidewalk slippery.

The complaint was dismissed by the trial court on the ground that the city and not the defendant was liable.

*Held*, that such dismissal was improper, as the evidence tended to prove that the defendant was maintaining a nuisance, which was the proximate cause of the plaintiff's injuries, and presented a question for the jury.

The distinction between actions for maintaining a nuisance and actions for negligence, considered.

MOTION by the plaintiff, Evelyn McConnell, for a new trial upon exceptions ordered to be heard at the General Term in the first instance, upon a dismissal of the plaintiff's complaint at the New York Circuit on the 27th day of February, 1893.

*William L. Snyder*, for the plaintiff.

*Thomas P. Wickes*, for the defendant.

O'BRIEN, J.:

The action is brought to recover damages for personal injuries sustained by plaintiff in slipping upon ice formed upon the sidewalk in front of premises owned by defendant, situated at the corner of Liberty and West streets.

In addition to alleging the ownership of the premises, which was admitted, the complaint avers that such premises were unlawfully constructed, with an awning over Liberty street, from the roof of which the water flowed into the gutter on the outer edge, and from such gutter was discharging through short spouts or elbows in midair more than twelve feet above the sidewalk, and descended and flowed or was blown upon the sidewalk and froze thereon, rendering it slippery and unsafe. Such structure or awning, it is alleged, was an encroachment and an obstruction upon the street, and that by reason thereof the water from the roof was discharged upon the highway, froze upon the sidewalk, and formed the ice which caused the plaintiff's fall and her subsequent injuries. In addition, she alleged that the defendant negligently permitted the sidewalk to remain in such slippery condition, and that plaintiff's injuries were received in consequence of such negligence.

The character of the structure, awning and spouts, and the fact that Liberty street was much traveled and used by the public, were conceded. The evidence shows that on the 4th of March, 1891, it

snowed and turned to sleet, and up to midnight four and two-tenths inches of snow had fallen. On the fifth, the day of the accident, the sun was shining brightly and the wind was blowing, and it was freezing in the shade and thawing in the sun. The accident happened in the afternoon. A number of people came off the train, crossed the ferry, and were going up Liberty street, among whom was the plaintiff accompanied by a friend. These latter had crossed West street and were passing on Liberty, when the plaintiff slipped and fell.

The awning posts were covered with ice, and one of the witnesses testified that there was a sheet of ice from the fresh water that had recently fallen; that quite a volume of water was coming down; the water made the ice and sidewalk slippery.

Upon the motion to dismiss, the grounds were not suggested that the plaintiff had failed in her proof in showing that the structure was maintained by the defendant, or that the ice which formed on the sidewalk was the result of the water which was allowed to flow from the spouts and which either fell or was blown in the shape of spray upon the sidewalk. But the broader ground was urged — and it was upon this latter that the learned trial judge disposed of the case, dismissing the complaint — that the city and not the defendant would be liable.

In thus disposing of the case, the learned trial judge, among others, relied upon the cases of *Moore* v. *Gadsden* (87 N. Y. 84), and *City of Rochester* v. *Campbell* (123 id. 405). These, however, were cases of negligence, in which the liability was predicated upon the neglect of the defendant to discharge some duty which he owed to the plaintiff, and the principle of those cases is, that where a person is injured through the neglect in not removing snow and ice which has accumulated upon a sidewalk, or in not repairing a street which has got out of repair, his remedy is against the city, or, as said in *Moore* v. *Gadsden* (p. 87): "If by reason of obstruction which it was the duty of the city or its officers to remove, it failed to do its office, the defendant cannot be made liable."

This case, however, directly recognizes the liability of one who maintains a nuisance to respond in damages to one injured thereby; for as therein said: "The general doctrine is, that the public are entitled to the street or highway in the condition in which they

placed it, and whoever renders the use hazardous by placing anything upon it is guilty of a nuisance." While, therefore, if this had been the ordinary case of the accumulation of ice and snow upon the sidewalk, or if the complaint was based upon negligence in allowing such snow or ice to accumulate, then the cases referred to would have applied and the conclusion reached by the learned trial judge would have been right. But, as shown by the complaint and the proof, the plaintiff in addition claimed, and the theory of her action was, that the injuries from which she suffered were the direct result of the maintenance of a nuisance by the defendant.

The distinction between actions for nuisance and actions for negligence is very clearly pointed out in the case of *Dickinson* v. *The Mayor* (92 N. Y. 584), in the following language: "The allegations in the complaint tend to establish that the defendant neglected to perform a duty by not removing the ice and snow from the walk. This was not an averment for keeping, maintaining and suffering a nuisance, but merely for negligence in not removing the ice and snow. The complaint was not for a positive wrong committed by the defendant, but for an injury sustained by reason of the defendant's negligence. The authorities establish a distinction between an action for wrong and an action for negligence."

While, therefore, the principle of law which is to govern in actions for negligence may be regarded as settled by the cases referred to by the trial judge, we think an equally long line of decisions have settled the principle that should be applied in actions for injuries arising from nuisances. Thus, in the leading case of *Congreve* v. *Smith* (18 N. Y. 82), which is cited with approval in *Moore* v. *Gadsden* (*supra*), it is said:

"The general doctrine is that the public are entitled to the street or highway in the condition in which they placed it; and whoever, without special authority, materially obstructs it, or renders its use hazardous by doing anything upon, above or below the surface, is guilty of a nuisance; and, as in all other cases of public nuisance, individuals sustaining special damage from it, without any want of due care to avoid injury, have a remedy *by action against the author or person continuing the nuisance*. No question of negligence can arise, the act being wrongful. It is as much a wrong to impair the

safety of a street by undermining it as by placing objects upon it. There can be no difference in regard to the nature of the act, or the rule of liability, whether the fee of the land within the limits of the easement is in a municipal corporation or in him by whom the act complained of was done; in either case the act of injuring the easement is illegal." (See, also, *McGoldrick* v. *N. Y. Cent. & H. R. R. R. Co.*, 20 N. Y. Supp. 914, and *Simmons* v. *Everson*, 124 N. Y. 319.)

As the evidence presented, therefore, tended to prove that the defendant was maintaining a nuisance which was the proximate cause of plaintiff's injuries, we do not think that the cases relied upon by the learned trial judge are applicable, or that the disposition made was right.

In order to establish the cause of action it was necessary to show : (1) That the awning and leaders of which complaint is made were maintained by the defendant; and (2) that the ice which accumulated on the sidewalk, and which resulted in plaintiff's fall, was formed from the water or spray which flowed from the spouts attached to the awning.

As to the first proposition the evidence was, we think, sufficient. It was admitted by the answer that the property belonged to the defendant, and the diagrams introduced in evidence show that the name of the defendant was over the doors of the saloon which occupied the entire store floor of the building in question. One witness also testified that he had seen the defendant in and about the saloon and building for a period of four or five years.

As to the second proposition, the evidence tending to establish it is slight, but there is some evidence tending to show that the ice upon which plaintiff fell was occasioned by the discharge of the water from the spouts upon the sidewalk.

Under the circumstances, therefore, it is concluded that the evidence before the court presented a question which might have been submitted to the jury.

The exceptions should be sustained and the motion for a new trial granted, with costs to abide the event.

Follett and Parker, JJ., concurred.

Exceptions sustained and motion for a new trial granted, with costs to abide the event.