JAMES M. CAMPBELL and Another, Respondents, *v.* THE UNITED STATES FOUNDRY COMPANY, Appellant.

*Action for damages — complaint — negligence — nuisance — ground of verdict immaterial — evidence.*

Where damage to the property of a person is the necessary consequence of another's business, or is incident to that business, or the manner in which it is conducted, the law of negligence has no application and the law of nuisance applies.

There is no rule of pleading which requires the complaint in an action for damages to allege as a fact that the acts complained of constituted a nuisance. It .

is sufficient if it states that the defendant so negligently and carelessly did certain acts as to cause the damage.

In an action brought to recover damages sustained by reason of the destruction of the plaintiffs' property by a fire, alleged to have been ignited by a spark from the chimney of defendant's smelting furnace, a verdict was rendered in favor of the plaintiffs.

*Held,* that it was immaterial whether the verdict was rendered on the ground that the defendant was liable because of the negligent way in which it conducted its business, or because its methods created a nuisance.

In such an action it is proper to allow testimony to be given to the effect that sparks had been emitted from the chimney of the defendant's foundry since the fire, when it has been proven that the chimney was at the time in the same condition as it was prior to the fire.

APPEAL by the defendant, the United States Foundry Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Queens on the 28th day of April, 1893, upon the verdict of a jury rendered at the Queens County Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial.

*George E. Coney,* for the appellant.

*Henry A. Monfort,* for the respondents.

PRATT, J.:

This is an appeal by the defendant from a judgment entered on a verdict in favor of plaintiffs, and from the order denying defendant's motion for a new trial.

The action was brought to recover damages sustained by plaintiffs in the destruction of their property by fire occasioned by sparks from defendant's foundry.

Plaintiffs had a hay and feed store on Division street, Long Island City; the defendant had its foundry about 150 feet west of plaintiffs' store, where it was engaged in the manufacture of weights from tin cans, scraps of tin and the like. For the purpose of smelting, the tin was put into defendant's furnace, where it was subjected to a strong draught of air and great heat — some 2,700 degrees. In this way the metal, when it became molten, fell to the bottom of the furnace and was then drawn off into moulds. Surmounting the furnace was a chimney of boiler iron, fifty-eight feet high, on the

top of which at one time defendant had placed an iron plate, with holes or iron netting, for the purpose of arresting the sparks. This spark arrester had become dilapidated, and was not in use at the time of the fire. It was shown on the trial that on two or three occasions the sparks from defendant's chimney, which were described as red hot and from one to two inches square, had fallen on paper or hay on the plaintiffs' premises and ignited it. At the time of the fire Mr. Campbell and one of his men were engaged in loading hay. A strong wind was blowing from the west, and Mr. Campbell testified that he saw sparks coming from defendant's foundry, which lighted on and in their building; that they stamped 'out what sparks they could, but that the hay in the building took fire and they were unable to extinguish it, and the loss complained of occurred.

There was some conflict of evidence, but the question of the origin of the fire, whether from sparks from defendant's chimney or not, was one of fact, and properly left to the jury to decide. It is quite immaterial on which ground the jury held the defendant liable, whether from negligence in the way it conducted its smelting, or because its methods created a nuisance. There was evidence that appliances for arresting sparks were used, and when used, prevented sparks from escaping from chimneys like defendant's ; that defendant had at one time used one on its chimney, but did not use it at the time of the fire. If the jury believed this evidence a clear case of negligence was proved. But suppose the contention of the defendant be true, that it was impossible, by reason of the great heat, to maintain a spark arrester on top of its chimney. The case then becomes one of nuisance. The law as to damages resulting from nuisances is well settled. " Where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself, or the manner in which it is conducted, the law of negligence has no application and the law of nuisance applies." (Opinion of Judge BROWN, *Bohan* v. *Port Jervis G. L. Co.*, 122 N. Y. 26.) The evidence clearly shows that the defendant maintained a nuisance in conducting its business at the time of the fire.

We know of no rule of pleading which requires a complaint in an action for damages to allege, as a fact, that the acts complained of constituted a nuisance. It is sufficient, as alleged in the complaint in

this action, to state that " the defendant so negligently and carelessly " did those acts as to cause the damage.

The defendant excepted to the admission of evidence to the effect that sparks had been emitted from its chimney since the fire. That ruling was a proper one. Plaintiffs had proved that the chimney was in the same condition as before the fire. This is the only exception that seems to require any comment.

The charge of the trial judge correctly stated the law, and his disposition of the defendant's requests to charge was as favorable to the defendant as it could have expected.

The judgment and order appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.

---

HARTFORD FIRE INSURANCE COMPANY, Appellant, *v.* ROBERT H. M. DICKENSON and Another, Respondents.

*Discharge of a firm debt by the note of the wife of one member — allegation of payment.*

What evidence is sufficient to sustain the finding of a referee that the giving of her individual note by the wife of one of the two members of an insolvent firm to one of its creditors was accepted by such creditor in discharge of the debt of such firm.

What is a sufficient allegation of payment in an answer.

APPEAL by the plaintiff, Hartford Fire Insurance Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Rockland on the 3d day of July, 1893, upon the report of a referee dismissing the plaintiff's complaint and for costs.

The ninth, eleventh and thirteenth paragraphs of the answer read as follows:

" *Ninth.* Defendant, further answering the complaint herein and for a separate defense thereto, alleges, upon his information and belief, that the plaintiff has been paid all and every amount due