(9 Misc. Rep. 14.)

### MORRIS v. BARRISFORD.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. NUISANCE—DANGEROUS STRUCTURE.
    The negligently maintaining in proximity to a street of any structure, in so insecure a condition as to be liable to fall, and injure pedestrians on the sidewalk, is a public nuisance, for which an individual sustaining special damage from the nuisance may have his action.

2. SAME—LICENSE.
    A municipal license of the structure is no license for it in a decayed and dangerous condition.

(Syllabus by the Court.)

Appeal from trial term.

Action by John Morris against William H. Barrisford to recover damages for personal injuries caused by the fall of an awning attached to defendant's premises, and projecting over the sidewalk along which plaintiff was passing. The court compelled plaintiff to elect between a cause of action for negligence and a cause of action for nuisance. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

L. A. Gould, for appellant.
James W. Perry, for respondent.

PRYOR, J. It is impossible to construe the complaint otherwise than as asserting a right of recovery for injury from a nuisance. The imputation of negligence in the maintenance of the awning is ineffectual to alter the nature of the action, for negligence may be an indispensable element in the constitution of the nuisance. People v. Sands, 1 Johns. 78; Simmons v. Everson, 124 N. Y. 319, 26 N. E. 911; Campbell v. Foundry Co., 73 Hun, 576, 26 N. Y. Supp. 165. There was therefore no alternative of claims, between which the plaintiff was compellable to elect; but, as he chose to stand on the ground of nuisance,—the cause of action propounded by the complaint,—the ruling of the learned trial judge was of no prejudice to him.

According to the plaintiff the benefit of every favorable inference from the evidence (McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475), his right of recovery is clear and incontestable. The awning was maintained by the defendant; was suspended over a public highway; was in an insecure condition, and so a menace to pedestrians on the sidewalk. It fell from its own infirmity, and inflicted the wound on the plaintiff. These facts the jury might have collected from the evidence; and, in combination, they constitute an unimpeachable cause of action for injury from a nuisance. Vincett v. Cook, 4 Hun, 318; Simmons v. Everson, 124 N. Y. 319, 26 N. E. 911; Bohan v. Gaslight Co., 122 N. Y. 18, 26, 25 N. E. 246; Walsh v. Mead, 8 Hun, 387; McConnell v. Bostelmann, 72 Hun, 238, 25 N. Y. Supp. 390; Salisbury v. Herchenroder, 106 Mass. 458; Ahern v. Steele, 115 N. Y. 203, 209, 22 N. E. 193; Irvine v. Wood, 51 N. Y. 224, 228.

But, argues the appellant, he had a license from the city to maintain the awning, and hence it was not a nuisance. The awning simply, no. But its dilapidated and unsafe condition was the nuisance, and for that the defendant neither had, nor could have, a municipal license. Irvine v. Wood, 51 N. Y. 224, 228.

Again, the appellant contends that the city, only, is responsible for the condition of its streets. City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937. But the awning was upon defendant's premises, although the peril to the public was from its projecting over the highway. McConnell v. Bostelmann, supra.

Still further, appellant insists that notice of the nuisance should have been brought home to him. But, if that were necessary, the evidence was ample to justify the conclusion that he had information of the decay of the awning. Nay, more; that he himself maintained it in its dangerous condition is an obvious inference from the first paragraph of his answer, in connection with the undenied allegation of the complaint.

We see no escape from a reversal of the judgment. Judgment reversed and a new trial ordered; costs to abide the event. All concur.