(16 Misc. Rep. 53.)

### WYSE v. RUSSELL et ux.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION.

A lessor, before expiration of the lease, made a violent verbal and physical attack on one of the lessees, and a notice was then given of their election to terminate the tenancy. The lessor expressed her determination that they "must go," and the premises were abandoned at the end of the month in which the notice was given, up to which time the rent had been paid in advance. *Held*, that there was a constructive eviction of the lessees by the lessor.

Appeal from Sixth district court.

Action by Marie S. De L. Wyse against Walter P. Russell and wife to recover for rent alleged to be due plaintiff. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

R. H. Channing, for appellant.

Thomas C. O'Sullivan, Robert D. Petty, and Gilbert D. Lamb, for respondents.

BISCHOFF, J. The defendants are husband and wife, and, together, occupied rooms in the plaintiff's house, under a written lease; but, having left the premises prior to its expiration, this action was brought to recover the rent claimed to have thereafter accrued. The defenses litigated were eviction and a cancellation of the contract, and the justice below found in favor of the defendants. The record satisfies us that this conclusion was not incorrect, since, while there was the customary conflict of evidence as to the main facts, ample grounds for finding a constructive eviction appeared. It appears,

according to the defendants' evidence, which the justice was authorized to credit, that the plaintiff, who resided continuously upon the premises, was a person of hasty temper, prying and officious, and rendered the condition of tenancy, through unreasonable demands and repeated discourtesy, undesirable, if not unbearable.    The culmination of the difficulties was reached during the last month of the defendants' occupancy, when a violent attack, not only verbal but physical, was made by the plaintiff upon Mr. Russell.    Thereupon notice was given of the defendants' election to terminate the tenancy. The plaintiff expressed her determination that they "must go," and the premises were abandoned at the end of that month, up to which time rent had been paid in advance.    Upon this state of facts, if there were not a good defense of constructive eviction, through the lessor's breach of the covenant of quiet and peaceable enjoyment, that covenant might properly have been omitted from the lease in question.    The case falls most fittingly within the ruling of Cohen v. Dupont, 1 Sandf. 263, which was, indeed, a case not so strong for the tenant as the present, since there no actual violence was indulged in by the landlord, a series of minor annoyances alone being held to constitute an eviction.    See, also, Sully v. Schmitt, 147 N. Y. 248, 41 N. E. 514.

Judgment affirmed, with costs.