(20 Misc. Rep. 338.)

### McLAUGHLIN v. BOHM.

(Supreme Court, Appellate Term. May 28, 1897.)

1. LANDLORD AND TENANT—ABANDONMENT OF PREMISES.

    A tenant of an apartment house is not warranted in abandoning the premises because of a pump in the basement, where such pump is properly constructed and operated.

2. SAME—EVIDENCE—CONDITION BEFORE AND AFTER TENANCY.

    Where a tenant of an apartment house abandoned the premises on the ground that they were rendered untenantable by the operation of a pump in the basement, evidence of the operation of the pump before and after such tenant's occupancy is admissible, when it is shown that the conditions were the same.

Appeal from Seventh district court.

Action by John McLaughlin against Julius Bohm for rent under a lease of an apartment of the first floor of premises No. 11½ East Eighty-Seventh street, in New York City. The lease was for one year, commencing October 1, 1896, at the yearly rent of $750, payable monthly in advance. From a judgment in favor of plaintiff for $62.50 for the rent for December, 1896, and costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jos. I. Green, for appellant.

Henry S. Wardner, J. M. Wainwright, and Strong & Cadwalader, for respondent.

DALY, P. J. The defense to this action for rent was eviction by reason of the disturbance to the tenant's possession, caused by the operation of a pump in the cellar under the apartment occupied by

him. The pump was worked by a gas engine, and the sound of its operation was unquestionably audible in defendant's apartment. This was not, however, ground for abandoning the premises, since a properly constructed and operated pump in an apartment house is not ground of complaint.

The testimony on the part of the defendant tended to show that the disturbance of the occupation from this cause was extraordinary; that the vibration caused the chandeliers to rattle, crockery and glassware to fall from shelves, plaster to fall, and produced an illness akin to seasickness in defendant's wife. In view of the fact that the house was not much more than a year old, and that the first floor was constructed of iron beams, with concrete and double flooring and 16-inch walls, the testimony seems hardly credible. But a question of fact was presented by the testimony of a former tenant of the same apartment, who had lived there with his wife and child and his wife's father, mother, and sister 13 months immediately preceding defendant's tenancy, and who stated that there was no such vibration when the pump was operated. This was not the only evidence on defendant's part on the issue, but it was the most important; and the decision of the justice upon the conflict thus presented cannot with reason be disturbed. It was tenant against tenant; experience against experience; but, above all, disinterested against interested testimony. The justice had the witnesses before him, and could judge as to how far any one exaggerated. It is not possible to say that the defendant's proof preponderated.

It is claimed that the justice erred in admitting evidence of the operation of the pump prior and subsequent to the defendant's occupancy. But, as it was shown that the conditions were the same, the evidence was clearly admissible. Harroun v. Light Co., 12 App. Div. 126, 42 N. Y. Supp. 716; Campbell v. Foundry Co., 73 Hun, 576, 26 N. Y. Supp. 165; Woolsey v. Trustees, 84 Hun, 236, 32 N. Y. Supp. 546.

Judgment affirmed, with costs. All concur