## BARNES v. MASTERSON.

(Supreme Court, Appellate Division, Second Department.  March 21, 1899.)

1. ADJOINING LANDOWNERS—LATERAL SUPPORT.
    Where sand is placed on a vacant lot, so as to create a pressure against a wall, situated wholly on an adjoining lot, sufficient to injure the wall, the owner thereof has a cause of action for damages.

2. NEGLIGENCE—WHAT CONSTITUTES.
    For an injury to a wall caused by the pressure of sand placed on an adjoining vacant lot, the action may property be brought for negligence.

3. SAME—CONTRIBUTING CAUSE.
    Where one deposits some sand on a vacant lot, which sand he then sells to another, who deposits more thereon, and the pressure of the whole pile injures an adjoining wall, the first person is liable for the whole damage, though his act alone might not have caused the injury; it being a contributing cause.

4. SAME—QUESTION FOR JURY.
    Defendant deposited sand for three days on a lot adjoining plaintiff's wall, but testified that he then sold the sand to another, who deposited more sand until the wall broke.  The vendee and several others corroborated defendant's testimony.  Defendant also testified that, when he first deposited the sand, plaintiff complained that the wall would not stand it, and defendant said that, if it did not, plaintiff had better shore it up.  Plaintiff testified that he constantly renewed the complaint,

and, when defendant was spoken to after the injury, he said defendant's landlord was responsible, which last conversation defendant did not deny. All the sand had been drawn in carts bearing defendant's name. *Held*, that the truth of the sale of the sand by defendant was for the jury.

Appeal from trial term.

Action by James Barnes against William H. Masterson. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles G. F. Wahle, for appellant.

Brainard Tolles (George W. McAdam, on the brief), for respondent.

CULLEN, J. The plaintiff was the tenant for a term of years of a lot of land on West Fifteenth street, in the city of New York. On this lot he had erected a brick structure, the first story of which was used as a blacksmith's shop, and the second as a dwelling place for his family. Immediately adjoining this building on the west was a vacant lot, of which one Reilly was the tenant in possession. The defendant was a contractor engaged in digging out cellars and making other excavations. On December 10, 1895, the defendant hired the lot from Reilly for the term of one month, for the purpose of storing sand thereon. For some three days sand was deposited on the lot, against the plaintiff's wall, to a height of some three feet. It is conceded that this work, at least, was done by the defendant. From this time the deposit of sand was continued until the 18th day of December, at which time pressure of sand (it being some 18 or 20 feet high along the plaintiff's wall) broke down the plaintiff's house, and destroyed the personal property he had therein. For this injury to his property the plaintiff brought this action, and from the judgment entered therein in his favor this appeal is taken.

There can be no doubt that there was an invasion of the plaintiff's property right, for which the persons responsible for the injury were liable to him in damages. The wall was wholly on the plaintiff's land, and the occupant of the adjacent lot had no right whatever to make use of it as a retaining wall for the support of material stored on that lot, any more than he would have had the right to cut openings into it and place beams therein for the purpose of supporting a building or other structure. Sand or gravel will not stand vertically without support, and, therefore, wherever it is deposited in such a way that the sides are vertical, it exerts a lateral thrust on the supports. There was no right whatever in the party storing the sand to impose this pressure or thrust on the plaintiff's wall. The act itself was wrongful, and either a trespass or a nuisance. This doctrine should not be carried to an extreme; and we do not say that where a man leans his walking stick or a step ladder against his neighbor's wall, but on his own land, this would give a cause of action. But, wherever the placing of articles or material against the neighboring wall creates pressure sufficient in any way to weaken or injure it, then the property rights of the owner of the wall are violated. Davis,

v. Evans (Sup.) 13 N. Y. Supp. 437. The action is brought, not for a trespass or a nuisance, but for negligence. We do not see, however, that the form of the action has any very material bearing on the case, for the deposit of sand against the plaintiff's wall so as to injure or destroy it might be charged as negligence as well as a trespass, and the jury have found it to be such by their verdict.

On the trial the defendant insisted that he was not liable, because he had no connection with the work after the first three days. He testifies that at that time he sold the sand then on the lot to one Fogerty, and also gave Fogerty permission to use the lot for the deposit of sand. We do not believe that this fact would necessarily relieve the defendant from liability. It was the pressure of the whole pile of sand that destroyed the plaintiff's building. Part of that pressure arose from the sand deposited against the wall by the defendant, as well as that deposited there later. It is true that the defendant's act alone might not have caused the injury, but nevertheless it was essentially a contributing cause to the injury. In such a case, where the resulting injury is single, all parties who have contributed to the wrong are liable for the whole damage. Slater v. Mersereau, 64 N. Y. 138; Simmons v. Everson, 124 N. Y. 319, 26 N. E. 911.

The case, however, was submitted to the jury upon the theory that if, after the first three days, the deposit of the sand was made by Fogerty, and not by the defendant, the defendant was not liable; and I suppose it is on this theory that we must dispose of this appeal. The defendant's statement as to the sale of the sand to Fogerty has already been given. Fogerty corroborated the defendant on this subject, and so did other witnesses. But, on the other hand, the plaintiff testified to conversations and admissions of the defendant which tended to destroy the credibility of the whole story. When the sand was first placed on the lot, the plaintiff complained to the defendant that his wall was not strong enough to support it, and would be injured. To this the defendant replied that the house was strong enough, and it would not hurt it. This complaint was constantly renewed, and the same answer given. After the injury had been occasioned, the plaintiff said to the defendant: "You have done exactly what I told you you would do; you have knocked my house down," to which the defendant replied: "You will have to go and see Reilly [defendant's landlord]. I am not responsible for your house." At no time did the defendant intimate that he was not prosecuting the work, or name Fogerty at all. The last conversation is not denied by the defendant. The defendant's own testimony as to the first of these conversations is: "'Are you going to put sand on that lot?' I said, 'Yes,' and he said, 'Will there be any sand up against the wall?' I said, 'I guess there will be some.' 'Well,' he said, 'I am afraid the wall won't stand it.'" To this last remark the defendant coolly responded, "If it don't stand, you had better shore it up." Beyond these conversations, it appeared that sand was at all times drawn to the lot in carts bearing the defendant's name. This is not a case of an illusory denial of the defendant's testimony, or of a mere scintilla of evidence to disprove his claim. The story of the

pretended transfer seems to us quite suspicious, and the truth of the story was properly left to the jury to determine.

The judgment and order appealed from should be affirmed, with costs. All concur.