### FINCK v. ROGERS.

(Supreme Court, Appellate Term. December 28, 1899.)

LANDLORD AND TENANT—CONSTRUCTIVE EVICTION.
  A constructive eviction cannot be predicated on the vibrations of an' electric dynamo, used for lighting purposes, located in the basement of an apartment building, and annoying to a tenant for a single night and a part of the following day, without proof that this condition existed before or afterwards, that it could not have been readily remedied, and that the landlord was advised of its prior existence.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Louisa Finck against Alfred M. Rogers. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

George Finck, for appellant.
Edward G. Black, for respondent.

LEVENTRITT, J. The defendant successfully resisted an action for rent by proof of an alleged eviction. The record shows that on the 27th day of September, 1898, the defendant, under a written lease for one year, commencing on the 1st day of October, 1898, entered into possession of an apartment on the second floor of the Cameron Flats, owned by the plaintiff. Prior to this time the defendant had for almost a year occupied another apartment on the same floor of the same building, and had had no occasion for complaint. On September 27th the defendant, his wife, and a servant moved into the new apartment. They remained but a single night, slept elsewhere the following night, and began moving out the day after, alleging as a reason interference with the quiet enjoyment of the premises. This consisted of vibrations in the apartment caused

by an electric dynamo located in the cellar, and provided for lighting purposes. The defendant claims that the walls and floor shook; that the chandelier rattled, and that neither he nor his wife, who was a nervous, sick woman, could sleep throughout the night; that during a part of the succeeding day the same disturbances continued. On this the defendant predicated a constructive eviction. This plea should not have prevailed. We may disregard the fact that the preponderance of credible testimony was clearly with the plaintiff, who produced disinterested witnesses,—a prior and a subsequent tenant of the same apartment occupied by the defendant,— and they testified that, under similar conditions, the dynamo had never annoyed them, nor had they noticed any vibrations. It is not necessary, however, for the purpose of this appeal, to depart from our well-settled rule not to reverse on the facts. There was error in law, as the defendant's evidence, conceding it to be true, was insufficient to support a constructive eviction. He testified to a condition existing only for a single night and part of the following day. There is no proof whatever that this condition obtained either before or after, nor that it could not readily have been remedied, nor that the plaintiff was advised of its prior existence. In fact, the defendant testified that, when the plaintiff's agent was informed of the vibration, he stated that he had never observed it. Nevertheless, the defendant, on the very next morning, and without giving opportunity to abate the annoyance, left the premises. In a case similar to the one at bar, the court say:

"If, after notice, the landlord proceeds with proper diligence to do what is necessary, he is allowed a reasonable time to remedy the defect." O'Gorman v. Harby, 18 Misc. Rep. 228, 41 N. Y. Supp. 521.

It will be found upon examination of the authorities that, where minor annoyances have been held to justify abandonment of premises, the resulting interference with the beneficial enjoyment of the demised premises has not been limited to an isolated instance, but has been long continued. Chaplin, Landl. & Ten. 503; Cohen v. Dupont, 1 Sandf. 260; Wyse v. Russell, 16 Misc. Rep. 53, 37 N. Y. Supp. 683; O'Gorman v. Harby, supra; Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; McLaughlin v. Bohm, 20 Misc. Rep. 338, 45 N. Y. Supp. 745. In the case last cited, analogous to the one under review, this court held, in effect, that the noise of a properly constructed and properly operated pump in the cellar of an apartment house cannot be made the basis of a claim for eviction. In that case, also, the testimony showed that the vibration caused the chandeliers to rattle, crockery and glassware to fall from shelves, and that illness akin to seasickness was produced in tenant's wife. McLaughlin v. Bohm was properly decided adversely to the tenant in the first instance, and we are of the opinion that on the record the same disposition should have been made of this case. The judgment will be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.