(33 Misc. Rep. 113.)

### COOPE v. KOLLSTADE.

(Supreme Court, Appellate Term. November 12, 1900.)

LANDLORD AND TENANT—EVICTION—NUISANCE—QUESTION FOR JURY.

A pump used by the lessor, directly under that part of the demised premises occupied by the lessee, caused a vibration, and made a thumping, disagreeable noise, which could be heard all over the premises, and continued for several hours each day. *Held*, that the question whether the noise was a nuisance, which interfered with the lessee's use of the premises to such an extent as to exonerate him from the payment of rent, was for the jury.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Herbert Coope against Alfred G. Kollstade. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Green & Stotesbury, for appellant.
Philbin, Beekman & Menken, for respondent.

PER CURIAM. It is now well settled that a physical eviction is not necessary to exonerate a tenant from the payment of rent, but

such exoneration follows when the landlord's acts, though not amounting to a physical expulsion, are of so pronounced and offensive a character as to create a nuisance, which, by preventing the reasonable use by the tenant of the premises, affects directly the consideration of the contract between the landlord and the tenant. See Sully v. Schmitt, 147 N. Y. 248, 41 N. E. 514. To the same effect is Insurance Co. v. Sherman, 46 N. Y. 372, in which case it was held that any interference on the part of the landlord which impairs the beneficial enjoyment of the premises, such as the creation of a nuisance in another portion of the same building, is a sufficient disturbance to constitute an eviction. The evidence shows that there was a pump directly under that portion of the premises occupied by the defendant; that this pump caused a vibration, and made a rumbling noise, which some of the witnesses designated as a thumping, disagreeable noise, which could be heard all over the premises occupied by the defendant, and which continued for several hours each day. Whether this noise was or was not a nuisance was a question to be determined by the jury, and therefore plaintiff's motion to direct a verdict in his favor was rightly denied. There were no exceptions to the charge of the court, and therefore it must be held that there was no error in such charge. This case is to be distinguished from McLaughlin v. Bohm, 20 Misc. Rep. 338, 45 N. Y. Supp. 745, in which case it was held that there was a question of fact as to the disturbance of the tenant's possession, while in this case there is no such question.

Judgment affirmed, with costs.