### BERGER v. CONTENT et al.

(Supreme Court, Appellate Term. May 23, 1905.)

1. NUISANCE—OBSTRUCTION IN SIDEWALK—PERSONAL INJURIES—LIABILITY.

> The maintenance of a defectively covered coal hole in a sidewalk is a nuisance, and hence a person injured by falling into the hole is entitled to recover from the owner of the premises to which the hole is appurtenant, without proof of negligence.

2. SAME—COMPLAINT—SUFFICIENCY.

> The complaint, in an action against a property owner for injuries sustained by a person falling into a defectively covered coal hole maintained in a sidewalk appurtenant to defendant's premises, need not spe-

cifically allege that the maintenance of the hole constitutes a nuisance, to entitle the plaintiff to recover on that theory.

**3. SAME—JOINT OWNERSHIP—FAILURE OF PROOF.**

Where two persons were sued jointly for injuries alleged to have been sustained by a person falling into a defectively covered coal hole appurtenant to the defendant's premises, and there was evidence that the coal hole was a nuisance, and affirmative proof that the premises belonged to one of the defendants only, a motion by plaintiff to set aside a judgment in favor of defendants and to grant a new trial should have been granted as to the owner of the premises, but denied as to the other defendant.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bernhard H. Berger against Ada Content and another. From an order denying plaintiff's motion to set aside a judgment in favor of defendants and to grant a new trial, plaintiff appeals. Reversed as to Ada Content, and affirmed as to other defendant.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Marcuson Bros. (Thaddeus D. Kenneson and Jacob M. Marcuson, of counsel), for appellant.

Hoadly, Lauterbach & Johnson, for respondent Ada Content.

Herbert R. Limburger, for respondent Harry Content.

DOWLING, J.   This is an appeal by the plaintiff from an order of the Municipal Court, Seventh District, denying plaintiff's motion to set aside a judgment in favor of the defendants and to grant a new trial. The action is brought to recover damages for loss of the services of plaintiff's wife, and for expenses incurred in her medical treatment, resulting from injuries received by her by reason of falling into a coal hole located on the sidewalk in front of defendants' premises. The complaint, among other things, alleges, in paragraph 5 thereof, "that on or about the 21st day of July, 1904, defendants wrongfully and negligently permitted said coal hole to be and continue, and the same then and there was, so badly and insufficiently and defectively covered and protected that by means thereof plaintiff's said wife, who was then and there lawfully passing in and along said street, necessarily, and without fault or negligence on her part, fell into said hole." The learned trial court, at the opening of the case, said: "Let it appear that the action is predicated on negligence in not properly keeping the coal hole securely fastened." To which counsel for plaintiff replied: "We make no such statement, may it please the court. We insist that paragraph 5 of the complaint alleges a cause of action in nuisance, and not mere negligence, and we desire to be governed by the said pleadings and what evidence may be adduced." The court proceeded thereafter upon the theory that the case was one in negligence. But the case at bar is clearly within the rule laid down in Clifford v. Dam, 81 N. Y., where Chief Justice Church (at page 52) said:

"The public are entitled to an unobstructed passage upon the streets, including the sidewalks of the city, but a structure such as that proved in this case was an obstruction. It was sufficient for the plaintiff to prove that, in passing along the sidewalk, he was injured by this structure, which

was appurtenant to defendant's premises. It was not necessary to prove negligence. The action was not based upon negligence, but on a wrongful act, for which the defendants were responsible."

The latter case was also brought to recover for damages sustained by falling through a coal hole, and the complaint therein contained a paragraph identical with paragraph 5 of the complaint in the case at bar. And in Clifford v. Dam it was further held that all that plaintiff was required to prove in such a case was that in passing along the sidewalk he fell into the coal hole and was injured thereby; he was not even required to prove want of contributory negligence; that thereupon it was incumbent on defendant to justify the act complained of. It was not necessary to specifically allege that the acts complained of constituted a nuisance. Campbell v. U. S. Foundry Co., 73 Hun, 576, 26 N. Y. Supp. 165; Morris v. Barrisford, 9 Misc. Rep. 14, 29 N. Y. Supp. 17. If a permit had been issued by the city authorities for the maintenance of the coal hole in question, its effect would be to mitigate the act from an absolute nuisance to one involving care in its construction and maintenance (Clifford v. Dam, supra); but there was no such proof in this case.

There was no evidence that defendant Harry Content was the owner of the premises in question, but, on the contrary, it affirmatively appeared that defendant Ada Content was the actual owner.

The order appealed from should therefore be affirmed, with costs, as to the defendant Harry Content; and as to the defendant Ada Content it should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.