(63 Misc. Rep. 316.)

### McGINNIS v. HYMAN.

(Supreme Court, Appellate Term.   May 27, 1909.)

1. MUNICIPAL CORPORATIONS (§ 816*) — INJURIES FROM DEFECT IN STREET — PLEADING—COMPLAINT.

A complaint alleging that defendant negligently and carelessly allowed a coal hole to be improperly covered, by reason of which plaintiff, without fault on his part, fell into it, did not allege a nuisance, since there was no allegation of a wrongful continuous act, and in order to recover plaintiff was required to show absence of contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1711, 1712; Dec. Dig. § 816.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 807*)—INJURIES FROM DEFECTS IN STREETS— CONTRIBUTORY NEGLIGENCE.

After a coal man had thrown part of a load into a coal hole in the side-walk, the chute became clogged, and he went to the cellar to clear it; first pulling the cover over the hole. Plaintiff, who approached the hole, noticed that the cover was not in place over the opening, but nevertheless stepped on the cover, which caused him to fall into the hole. There was a clear space between the hole and the house, which he could have used. *Held*, that he was negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1679; Dec. Dig. § 807.*]

3. MUNICIPAL CORPORATIONS (§ 805*)—INJURIES FROM DEFECTS IN STREETS— CONTRIBUTORY NEGLIGENCE.

Plaintiff having failed to use special care in voluntarily assuming the risk of stepping on the cover, when he had actual notice that it was not in place and could have passed without stepping on it, he could not have recovered on the theory that the coal hole was a nuisance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1677; Dec. Dig. § 805.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Edward McGinnis against Samuel J. Hyman. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Eidlitz & Hulse, for appellant.
Isidore Hershfield (N. A. Heymsfeld, of counsel), for respondent.

LEHMAN, J. The plaintiff herein alleged in his complaint that:

"The defendant negligently and carelessly allowed and permitted the said coal hole to be improperly, insufficiently, and defectively covered and protected, and by reason thereof plaintiff, who was then and there lawfully passing upon and along said street, without any fault or negligence on his part, fell and was precipitated into the said coal hole."

Upon the trial it appeared that the coal hole was upon the premises of the defendant; that the defendant had ordered five tons of coal from Gordon & Co.; that Gordon & Co. delivered the five tons, and the driver began to shovel them into the coal hole; that after part of the coal was put in the chute became clogged, and the driver then placed the cover over the hole and went down into the cellar to clear the chute; that about that time the plaintiff was walking along the street; that he saw some coal on the street, and saw that the cover was "about a quarter of an inch off the hole," but nevertheless stepped on the cover and was injured. It further appears that there was a clear space between the coal hole and the house, which the plaintiff could have used.

It is obvious that the plaintiff, under the circumstances, has not shown a freedom from contributory negligence; but the plaintiff claims that this was an action, not for negligence, but for nuisance, in that an insecurely fastened coal hole upon the street is unlawful and constitutes a nuisance, and relies upon the case of Berger v. Content, 47 Misc. Rep. 390, 94 N. Y. Supp. 12. In that case the complaint,

while almost in the same words as the complaint in the case under consideration here, alleges that the defendant "wrongfully and negligently permitted said coal hole to be and continue, and the same then and there was, so badly, insufficiently, and defectively covered and protected that by means thereof the plaintiff's wife * * * necessarily and without fault or negligence on her part fell into said hole." The plaintiff in that case, therefore, alleged a wrongful continuous act, which necessarily produced the injury, and therefore comes within the rules announced in the case of Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857, that, where the facts alleged show a nuisance, a recovery might be had upon that theory, "notwithstanding the fact that the plaintiff characterizes the failure of the defendant to properly construct and attach the structure as negligence, and the subsequent maintenance thereof as negligence." In the case under consideration, however, there are no such allegations, and the case is in no wise to be distinguished from Campion v. Rollwagen, 43 App. Div. 118, 59 N. Y. Supp. 308, where the court held that plaintiff must show an absence of contributory negligence.

Even if, however, we should hold that the complaint could be sustained as an action for nuisance, I still think that judgment should have been given for defendant. In the case of Clifford v. Darn, 81 N. Y. 56, where a recovery was sustained by reason of a nuisance arising from the wrongful construction of a coal hole, the court held that the plaintiff need not prove a want of contributory negligence, adding, however:

"If the plaintiff caused the injury himself, as if he voluntarily jumped into the hole, he could not recover; but he was bound to no special care to avoid such an accident."

In this case the plaintiff not only failed to use special care, but he voluntarily assumed the risk of stepping on the coal hole, when he had actual notice that it was not in place, and when he had a clear passageway along the sidewalk. Whalen v. Citizens' Gaslight Co., 151 N. Y. 70, 45 N. E. 363. It seems to me that, when a person voluntarily assumes the risk of injury from a nuisance, he is precluded in any event from a recovery.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.