Solomon Kaszovitz, Trading under the Name and Style of S. K. Doll Mfg. Co., Plaintiff, v. The Trustees of the Sailors' Snug Harbor and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District, June 30, 1926.

**Landlord and tenant — action by tenant to recover damages caused by water leaking through ceiling — water was released by negligent act of another tenant — ceiling was not properly constructed and not in repair — landlord liable for failure to keep ceiling in repair — tenant may sue either tort feasor.**

A landlord will be liable for damages caused by water leaking through a metal ceiling where it appears that the ceiling was not properly constructed and was not kept in repair by the landlord as he was required to do, and the fact that the water which caused the damage was released by the negligence of another tenant will not relieve the landlord from responsibility for its wrongful act; either or both of two tort feasors may be sued and recovery had.

Motions by defendant to dismiss complaint and to set aside verdict.

*Ruth Warters*, for the plaintiff.

*Hawkins, Delafield & Longfellow* [*B. L. Visscher* of counsel], for the defendants Trustees of Sailors' Snug Harbor.

Panken, J. The motion to dismiss plaintiff's complaint as made at the close of the plaintiff's case on behalf of the trustees of the

Sailors' Snug Harbor, and again at the close of the entire case, is denied.  Motion to set aside the verdict of the jury by the said defendant is also denied.  There was sufficient evidence submitted to the jury to warrant the verdict returned by the jury.

In the course of the trial I was in doubt as to whether or not the condition of the ceiling as testified to by the plaintiff was a proximate cause of the damage suffered.  One of the witnesses on behalf of the defendant testified that there was a crack between the ceiling and the side wall, and also that there was an open seam in the ceiling, the ceiling being made of metal.  The same witness testified that if the ceiling had been properly made the water would not have seeped through.  The defendant in its brief says: " There is evidence, and indeed it is a matter of common knowledge, that the ceiling might have been water tight by soldering metal sheets together at the joints."

The testimony of the witnesses called by the defendant was to the effect that properly constructed metal ceilings are usually lined.  In this case there was no lining, and the metal sheets were not soldered together.

In the case of *Barnes* v. *Masterson* (38 App. Div. 612) the court says: " It was the pressure of the whole pile of sand that destroyed the plaintiff's building.  Part of that pressure arose from the sand deposited against the wall by the defendant, as well as that deposited there later.  It is true that the defendant's act alone might not have caused the injury, but nevertheless it was essentially a contributing cause to the injury.  In such a case, where the resulting injury is single, all parties who have contributed to the wrong are liable for the whole damage."

In the case before me the jury found as against both defendants. In as far as the defendants Cream and Polansky, one of their witnesses testified that there was an overflow from the pressing machine or the pails placed near the pressing machine.  As to the defendant Trustees of the Sailors' Snug Harbor, there was testimony by the witness that the water would not have seeped through if the ceiling had been properly constructed.  I find, as a matter of fact, that that condition contributed to the damage caused to the plaintiff.  The defendant Trustees of the Sailors' Snug Harbor had notice of the condition of the ceiling, even prior to the entry into the lease between the plaintiff and it.  The witness Siccama, who negotiated the lease, visited the premises occupied by the plaintiff, and observed the condition of the ceiling, but the defendant failed to make the repairs required.

Where one or more tort feasors cause damage to another who was free from any act contributing to the damage, one or all may

be sued and recovery may be had against one or all. The plaintiff is not required to determine which of the tort feasors was more or less responsible for the injuries caused him. As to which of the parties was to a greater extent responsible for the damage sustained by the plaintiff is not a matter which the plaintiff is to pass upon. If both were negligent, it is his right to sue one or both. It may well be that as between the tort feasors such a determination may be asked for by either of them.