### HORN v. EBERHART.

Where the jury have, with a general verdict, returned answers to inter-
rogatories propounded to them, and the party against whom the gen-
eral verdict is rendered has moved for judgment in his favor on the
special findings, and excepted to the overruling of his motion, no motion
for a new trial is necessary in order to bring the ruling in review in the
Supreme Court.

Suit against a father for necessaries furnished to, and attendance upon, his
minor son during his last sickness, and the expenses of his burial, alleged

to have been furnished at the request of the father. The jury found a general verdict for the plaintiff, and in answer to special interrogatories, found specially, 1. That the son left his home voluntarily. 2. That he was twenty years of age. 3. That he was in good health, and capable of supporting himself, when he left his father's house.

*Held*, that the defendant was not entitled to a judgment on the special findings, as they were not inconsistent with the allegation that the services were rendered at his request.

Nov. Term,
1861.
———
HORN
v.
EBERHART.

APPEAL from the *Elkhart* Circuit Court.

HANNA, J.—In this case, there was a general verdict for the plaintiff, and special findings by the jury upon interrogatories propounded. Upon this, two points were made. First, that the defendant should have had judgment, notwithstanding the general verdict; involved in which, is the second point, namely, that as no motion was made for a new trial, therefore there is nothing before us.

*Friday,*
*November* 29.

The statute is, that the Court shall, "in all cases when requested by either party, instruct the jury if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing. When the special finding is inconsistent with the general verdict, the former shall control the latter, and the Court shall give judgment accordingly. 2. R. S., p. 114.

The suit was for necessaries furnished to, and attendance upon, the minor son of the defendant, during his last sickness, and the expenses of his burial. It is alleged that he died, after being sick for nine days, in *California;* and that the services, &c., were rendered at his and defendant's request, and that defendant promised, &c. Answer: 1. Denial. 2. That the said minor had voluntarily left and abandoned defendant's house, and services, in *Indiana*, and that said services &c., were rendered in *California*, without his request, consent, or knowledge.

The evidence is not in the record. Verdict for plaintiff for ninety-two dollars, and finding of the following facts. 1. That the said minor did leave his home voluntarily. 2. That he was twenty years of age. 3. That he was in good health, and capable of supporting himself, when he left his father's home in *Indiana*.

Nov. Term, 1861.

As there was an exception spread upon the record to the ruling of the Court on defendant's motion for judgment, we do not perceive the necessity of a motion for a new trial, to bring the correctness of that ruling before this Court.

The Court did not err in refusing to render a judgment for the defendant upon the special finding of facts.

It might be true that the deceased left his father's house voluntarily; that he was twenty years of age; that he was healthy when he left, and capable of making a living; and yet all these facts are not inconsistent with the allegation that the services rendered, and expenses incurred, were at the request of the defendant. As we do not see the evidence, we are not apprised of the proof upon that point.

The question which has been so elaborately argued is not, therefore, before us, namely, whether there was a moral and implied legal liability, growing out of the circumstances, binding upon the defendant.

*Per Curiam.*—The judgment is affirmed, with 3 per cent damages and costs.

