The Louisville, New Albany, and St. Louis Air Line Railway Co. *et al. v.* Duvall.

The judgment is affirmed, with costs.

*E. C. Field* and *J. Barnard,* for appellant

*M. Wood* and *T. J. Wood,* for appellee.

---

### THE LOUISVILLE, NEW ALBANY, AND ST. LOUIS AIR LINE RAILWAY COMPANY ET AL. *v.* DUVALL.

TRESPASS.—*Statute.—Judgment.*—The rule at common law, that, in an action of trespass against several defendants, a verdict and judgment might be rendered for or against one or more of them, has not been narrowed by the statute.

SAME.—*Supreme Court.*—The Supreme Court may reverse or affirm a judgment in whole or in part. Where in an action for trespass, a judgment was rendered over a motion for a new trial, against two defendants who had pleaded severally, this court reversed the judgment as to one, against whom there was no evidence, and affirmed it as to the other.

APPEAL from the Floyd Common Pleas.

PETTIT, C. J.—The appellee sued the appellants for trespass on his lands, charging that the appellants threw down his fences and let in cattle which ate up the grass, and browsed on his shrubbery, and destroyed his fruit trees, etc.

The appellants answered separately by the general denial. Trial by jury and verdict for the appellee. Appellants separately moved for a new trial, for the reason that the evidence does not warrant, support, or justify the verdict. This motion was overruled, and proper exception taken; and this ruling is assigned for error. We have very carefully read and examined the evidence, and there is not a particle of it that warranted a verdict against the railway company; but there is evidence that might warrant a verdict against Reed.

In actions of trespass the doctrine of the common law

was that a verdict and judgment might be given and rendered against one or more defendants and for one or more of them. This rule has not been narrowed, but enlarged, by our statute, so as to include actions on contract as well as actions for trespass. 2 G. & H. 217, sec. 366. "Though all the defendants have been summoned, judgment may be rendered against any of them, severally, where the plaintiff would be entitled to judgment against such defendants, if the action had been against them severally." 2 G. & H. 218, sec. 368. "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." See the notes under these two sections. This court may reverse or affirm a judgment in whole or in part. 2 G. & H. 276, sec. 569 and notes.

The court below properly refused a new trial as to Reed, but improperly refused it as to the railway company, there being no evidence against it.

The judgment is affirmed as to Reed, at his costs, and reversed as to the railway company, at the costs of the appellee, with instructions to the court below to grant the railway company a new trial.

*G. V. Howk, W. W. Tuley,* and *M. C. Kerr,* for appellants.

*D. C. Anthony,* for appellee.