Filed Feb. 7, 1895.

---

No. 1,422.

## SOUTH BEND MANUFACTURING COMPANY v. LIPHART.

NEGLIGENCE.—*Tort Feasors, When Jointly and Severally Liable.—Action Against One Tort Feasor.—Damages Not Apportionable.—Parties.—* Where two separate and distinct causes unite in producing an injury and it is impossible to apportion the damages between the separate tort feasors each tort feasor is jointly and severally liable for the whole injury, nor will the fact that the plaintiff has instituted his suit against one tort feasor only, avail the defendant in defeating a recovery. The term theory, as applied to pleadings, defined.

From the St. Joseph Circuit Court.

*L. Hubbard* and *A. Anderson*, for appellant.
*R. O. Hawkins* and *A. L. Brick*, for appellee.

LOTZ, J.—The appellant was plaintiff and the appellee defendant in the court below.

The substantial averments of the complaint are that the South Bend Manufacturing Company is a corporation organized for the purpose and authorized to build a

dam across the St. Joseph river, to create water power to be used for manufacturing and other purposes. It constructed a dam and excavated a race, or waterway, along the southwest bank of the river, one-fourth of a mile in length, running down the stream parallel with and about fifty feet from the edge of the river. On the bank, between the river and the race, lots were laid out and sold to parties desirous of using the water power created by the dam and race. Every person using the power was required to be a stockholder in the corporation, and each shareholder was entitled to use water in proportion to the number of shares of stock owned by him. The defendant was the owner of a lot between the race and the river, and was a stockholder in the corporation, and, as such, was entitled to use water for propelling his machinery situate on his lot. To obtain the power, the defendant was required to construct a flume and tail race from the main race to the river, through which the water flowed upon a water-wheel used in propelling machinery. It was the duty of the company at all times to keep the banks of the race in good order, and it was the duty of the defendant to keep his flume, wheel pit and aqueducts in a safe condition and in good order.

It is averred that on the 11th day of April, 1893, the defendant carelessly and negligently allowed his flume, wheel pit, and appendages, to become leaky, and his embankments to become weak and insecure, so that through his negligence, and without the fault of the company, the waters from the race broke out through and along the bottom and sides of the defendant's flume and wheel pit and caused the banks of said race to be washed out and thereby impaired the plaintiff's water power and privileges; that the defendant refused to repair the break in said bank, and plaintiff was com-

pelled to repair the same at a cost of $925.26, for which amount it prayed judgment.

The defendant filed an answer in general denial and a counterclaim in which it is averred that a break in the bank of the race did occur, but through no fault of the defendant; that he was only a stockholder and not an officer in said company; that his flume and appurtenances were, and always had been, in good repair; that it was the plaintiff's duty to watch and care for the dam and embankments of the race, and to regulate the flow and height of the water in the race; that said washout and break in the bank was caused by plaintiff's neglect of duty; that by reason of said break the defendant was compelled to expend $975 in repairing the damages done to his property, for which he asked judgment.

The cause was submitted to a jury for trial, which returned a general verdict for the defendant, upon which judgment was rendered. The only assignment of error is the overruling the motion for a new trial.

Evidence was given on the part of the plaintiff tending to show negligence on the part of the defendant in failing to keep up and maintain his flume, and that this was the sole cause of the injury. This was controverted by the defendant, who gave evidence tending to show that the washout was caused by the plaintiff's own negligence. It was also an admitted fact that immediately northwest of the property of the defendant, Stanfield, Anderson & Barth owned a lot on which was a factory operated by water power derived from the plaintiff's race, which factory was controlled by Hodson, Stanfield & Company. There was evidence which tended to show that the flume of Hodson, Stanfield & Company was leaky and out of repair, and that the washout and break in the bank of the race was caused solely by the negligence of Hodson, Stanfield & Company in failing to

properly maintain their flume, and there was evidence which tended to show that the negligence of Hodson, Stanfield & Company contributed to the break in the bank of the race. In this condition of the issues and evidence the court gave to the jury this instruction.

"The complaint in this case proceeds upon the theory that the defendant's negligence was the sole cause of the damages complained of; hence, if you find from the evidence that the negligence of another, a third party, independent and in no way connected with the defendant, contributed to the damage complained of, and participated in causing the same, then the defendant is not liable in this action."

The giving of this instruction was made one of the causes for a new trial.

It is true that a pleading must proceed upon a single definite theory; that the trial must be had and judgment pronounced upon the theory indicated.

The terms "theory" and "theories," as used in pleading, relate to the basis of liability or the grounds of defense. The negligence of the defendant is the basis of the liability sought to be charged against him, and this is the theory of the complaint. It is a single and definite theory. It is true, that the complaint makes no mention of the negligence or liability of any other person than that of the defendant. Arguing from this, it is plausible to say that the defendant's negligence was the *sole* cause of the injury. This would be a still more definite theory. We have then, as a definite theory, that the defendant's negligence caused the injury; and as a still more definite theory that the defendant's negligence was the sole cause of the injury. Where a complaint is constructed in such a manner as to show a definite liability, that is a sufficient compliance with the rule. The rule that a pleading must proceed upon a definite theory should not be carried

South Bend Manufacturing Company *v.* Liphart.

to that degree of refinement that might lead to absurdity or defeat the ends of justice.

The general rule is that joint tort feasors are both jointly and severally liable, while several tort feasors are severally liable for their torts. *Westfield Gas, etc., Co.* v. *Abernathy,* 8 Ind. App. 73.

If there be two or more tortious acts committed by different persons separate as to time and place, but all producing a given injury the tort feasors are not all jointly liable, but each is only liable for the injury produced by his separate act. *Chipman* v. *Palmer,* 77 N. Y. 51; *Miller* v. *Highland Ditch Co.,* 87 Cal. 430, 22 Am. St. R. 254; *Gallagher* v. *Kemmerer,* 144 Pa. St. 509, 27 Am. St. R. 673.

But if a public nuisance be created by acts of commission or omission all persons who continue the nuisance or in any way become responsible for it are jointly and severally liable for all the damages which are the direct and immediate consequences of it. *Simmons* v. *Everson,* 124 N. Y. 319, 21 Am. St. R. 676; *Irvine* v. *Wood,* 51 N. Y. 224.

Whether or not the failure to keep the flumes in repair by the defendant and by Hodson, Stanfield and Company and permitting the banks to wash out as a consequence thereof, constituted a public nuisance under section 2154, Burns Rev. 1894 (section 2066, R. S. 1881), we need not and do not decide.

The duty that rested upon the defendant to maintain his flume in a reasonably safe condition was his separate duty, and the omission so to do was his separate tort. The same is true of the duty and omission of Hodson, Stanfield and Company. Ordinarily, there would be no joint liability against them for the failure to perform their separate duties. Intention, purpose and concert of action is usually necessary to create joint liability be-

tween tort feasors. But there is a class of cases in which, although the negligent acts are separate and distinct, they are concurrent in place and time and which result in producing a single injury. Here the negligence of the defendant and the negligence of adjoining lot owners were concurrent as to time and place. The thing that produced the injury was the flow of the water. It was one mass and inseparable. It was like a force set in motion by separate causes. *Slater* v. *Mersereau*, 64 N. Y. 138.

It would be impossible to apportion the damages between the two acts of negligence or determine the amount produced by each. The case is analogous to that of an injury produced by the collision of two railroad trains under different ownership and management, caused by the concurring negligence of both companies. Each company is jointly and severally liable for the whole injury.

At any event the defendant was liable for the injury his negligence caused. The fact that the negligence of some other person concurred in producing the injury will not screen him from liability. Nor will the fact that the plaintiff has instituted his suit against one tort feasor only, avail the defendant in defeating a recovery. The instruction given was erroneous.

Judgment reversed with instructions to sustain the motion for a new trial.

Filed Feb. 19, 1895.