Monks, J.
Appellee brought this, action to recover possession of certain real estate described in the complaint. The first paragraph of the complaint was in the ordinary form, under section 1066, Burns’ R. S. 1894 (1054, R. S. 1881). Appellant’s demurrers to the second and fourth paragraphs of complaint were overruled. The cause was tried by a jury, and upon the verdict returned a judgment was rendered in favor of appellee. Appellant, on motion, was granted a new trial, as of right, under section 1076, Burns’ R. S. 1894 (1064, R. S. 1881). The cause was tried a second time, a special verdict returned and, over appellant’s motion for a venire de novo, judgment was rendered in favor of appellee.
At the first trial, the jury returned a general verdict, and also- answered interrogatories submitted to them by the court. Appellant moved the court for a judgment in its favor, on the answers to the interrogatories, notwithstanding the general verdict. This motion was' overruled, and appellant assigns this ruling of the court as error. When appellant took a new trial as of right, all errors, if any, committed by the trial court during the first trial, until said new trial was granted, were waived, and cannot be presented on this *526 appeal. They stand the same as if the court had granted appellant a new trial fpr cause.
The other errors assigned, and not waived, call in question the action of the court in overruling the demurrer to the second and fourth paragraphs of the complaint; in sustaining appellee’s motion for judgment on the special verdict; and in overruling appellants motion for an apportionment of the costs.
It is shown by the special verdict that in 1869 the board of commissioners of Ohio county granted appellant the right to construct a gravel road on and over a public highway in said county; that one Holmes owned the real estate in controversy in 1874, at which time appellant built a tollhouse thereon; that said real estate is partly within the limits of the right of way of said turnpike; that said tollhouse was built thereon pursuant to an agreement between appellant and Holmes that the same should be removed whenever Holmes desired. An addition was built in 1875 without the knowledge or consent of Holmes, but he afterwards consented that it might remain on his land so long as he chose to permit it, and no longer. After-wards, in 1888, appellant issued to Holmes a pass entitling him to travel over a certain part of appellant’s turnpike free of toll, in consideration of which it was agreed between appellant and Holmes that said toll-house should remain on said real estate during the life time of Holmes, and no longer; that Holmes continued the owner of said real estate until his death; that appellant has occupied said tollhouse since 1874, under said agreement with said Holmes, and not otherwise; that said Holmes died intestate before the commencement of this action, leaving appellee as one of his heirs; that the real estate in controversy was set off to her in partition proceedings as a part of her *527 share; that said appellee,at the commencement of this action, was the owner in fee simple of the real estate in controversy, and derived her title thereto by inheritance from her father, said James Holmes, deceased.
The first arrangement was that the tollhouse should be erected and maintained on said real estate, not permanently, but during the pleasure of Holmes. This was a mere parol license, revocable by Holmes at any time. The second arrangement, made in 1888, was that the tollhouse might remain until the death of Holmes, and no longer.
Appellant had no right to build his tollhouse within the limits of the public highway over which the turnpike was constructed without the consent of Holmes, the owner of the servient estate. Strattan v. Elliott, 83 Ind. 425, 427.
The facts stated in the special verdict clearly show that, under the arrangement made in 1888, even if the same was binding upon Holmes, appellant’s right to occupy said real estate and maintain a tollhouse thereon terminated at the death of Holmes, and that appellee was entitled to the possession thereof when she commenced this action. It follows that the court did not err in rendering judgment in favor of appellee upon the special verdict.
The errors, if any, committed in overruling the demurrer to the second and fourth paragraphs of complaint,' were harmless, for the reason that the first paragraph of the complaint is good, and the special verdict clearly supports the allegations thereof. Puterbaugh v. Puterbaugh, 131 Ind. 288, 298.
Appellant and one Cooper were defendants below, and the court rendered judgment on the special verdict in favor of Cooper, against appellee, for “his costs paid, laid out, and expended,” and in favor of appellee against appellant for possession, damages, and *528 “costs, by her paid, laid out, and expended.” Appellant and Cooper filed a motion “to apportion the costs according to the judgment rendered as between the defendants [appellant and Cooper], and fix and adjudge the proportion of defendant’s cost adjudged in favor of the defendant Cooper.” This motion was overruled, and this ruling is assigned as error. Cooper, a co-defendant with appellant in the court below, was not made an appellant in this appeal, which is a vacation appeal. As said Cooper is directly interested in the question presented, and its determination will affect his interest and the amount of cost he is entitled to recover, we cannot decide the same, for the reason that he is not a party to the appeal.
If the clerk has not properly taxed the costs under the judgment rendered therefor, the same, on motion to retax and notice given, may be retaxed and properly apportioned by the court below.
Finding no available error in the record, the judgment is affirmed.