CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY v. CREGOR, ADMINISTRATRIX.

[No. 18,173.   Filed June 8, 1898.]

PRACTICE.— *Harmless Error.* — *Special Verdict.*—Where the facts found in a special verdict are within the issues joined on two paragraphs of complaint, and applicable thereto, error if any in overruling a demurrer to other paragraphs of the complaint is harmless. *p. 627.*

NEW TRIAL.—*Joint Assignment of Error.*— *Instructions.*— *Appeal and Error.*—Where error is assigned as a cause for a new trial that the court erred in giving instructions three and four, such assignment will not be available if one of the instructions is correct. *p. 627.*

INSTRUCTIONS.—*Witnesses.*—*Credibility.*—Jurors are not authorized to consider any evidence except such as is given at the trial, but they have the right to test its truth and weight by their general knowledge, derived from experience and observation in their relations with others, and an instruction that in determining the credibility of a witness the jury might call to their aid that knowledge of men and their actions acquired by mingling with men, is proper. *pp. 627, 628.*

INTERROGATORIES TO JURY.— *Motion to Require Answer.*—Where the answer to an interrogatory to the jury was, "Evidence don't show," the action of the court in overruling a motion to require an affirmative or negative answer cannot be questioned on appeal, where no facts are disclosed by the record on which the jury could have answered such interrogatory affirmatively or negatively. *pp. 628, 629.*

WITNESSES.—*Competency.*—*Decedents' Estates.*—Section 506, Burns'

R. S. 1894, providing that "in all suits in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record whose interest is adverse to such estate, shall not be a competent witness against the estate," does not render the administratrix, who is the widow of decedent, incompetent to testify to matters occurring prior to the death of decedent, in an action for damages for his death, where her interest was not adverse to the estate, and she did not testify against the estate, but in favor of it. *p. 629.*

WITNESSES.—*Competency.*—*Decedents' Estates.*—*Action in Tort.*—The provision of section 507, Burns' R. S. 1894, that "in all suits by or against heirs or devisees, founded upon a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of or in right of such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor," is not applicable to an action in tort for damages for the death of decedent. *pp. 629, 630.*

NEW TRIAL.—*Special Verdict.*—*Motions for Judgment.*—*Review.*—Overruling or sustaining motions for judgment on a special verdict is not a cause for a new trial. The correctness of the rulings on such motions can only be presented by assigning such rulings as error in this court. *p. 630.*

From the Marion Circuit Court. *Affirmed.*

*R. D. Marshall, B. L. Smith, Claude Cambern* and *D. L. Smith,* for appellant.

*William L. Taylor* and *Floyd A. Woods,* for appellee.

MONKS, J.—This action was brought by appellee, administratrix of the estate of Theodore Cregor, deceased, to recover damages for an injury causing the death of the said deceased. The complaint was in four paragraphs, and appellant's demurrer to each paragraph for want of facts was overruled. The cause was tried by a jury, and a special verdict returned; and, over appellant's motion for a new trial, judgment was rendered thereon in favor of appellee.

The errors assigned, and not waived, call in question the action of the court, in overruling appellant's demurrer to the second and third paragraphs of complaint, and in overruling the motion for a new trial.

It is conceded by appellant that the first and fourth paragraphs of complaint are sufficient; and as the facts found in the special verdict are applicable to, and within, the issues joined on these paragraphs, the error, if any, in overruling the demurrer to the second and third paragraphs, was harmless.

It is assigned as one of the causes for a new trial, that the court erred in giving instructions three and four to the jury. To render this specification available as a cause for a new trial, both of said instructions must be incorrect. *Lawrence* v. *VanBuskirk*, 140 Ind. 481, 482, and cases cited; *Saunders, Treas.*, v. *Montgomery*, 143 Ind. 185, and cases cited.

In instruction four, after admonishing the jury that they were the sole judges of the facts and the credibility of the witnesses, and stating their duty in reconciling the evidence if there was a conflict, and what they had a right to consider in determining the credibility of a witness and the weight of his evidence, the court said, "And in this inquiry you can call to your aid that knowledge of men and their actions, which in your experience you have acquired by mingling with men." Appellant insists that the part of the instruction set out was erroneous, for the reason that "the jury is bound by what takes place at the trial, and not on any outside information or knowledge they may have acquired."

Jurors are not authorized to consider any evidence except such as is given at the trial, but they have the right to test its truth and weight by their general knowledge derived from experience and observation in their relations with others.

An instruction substantially the same as the one in controversy was approved by this court in *Jenney Electric Co.* v. *Branham*, 145 Ind. 314, at p. 322. The court in that case said: "The school of experience which men attend, in their varied relations among men, imparts a keenness of mental vision which enables them the more readily to see the motives and to judge of the selfish or unselfish interests of men. This education, be it much or little, is a part of the juror, and should not, if possible, be laid aside in passing upon the inducements which may surround a witness, to speak falsely. It is this education which, to a great extent, enables a juror to discover in the faltering manner or the downcast eye whether the statement of the witness is made in modesty or in the guilt of falsehood. The value of experience is not to be given up when the man becomes a juror and is required to apply the tests of credit to the heart and mind of the witness; but whatever qualification that experience gives should be employed to the end that the whole truth may be known and acted upon."

It is clear that the court did not err in giving the fourth instruction. As one of said instructions was good, the motion for a new trial for this cause must fail. *Lawrence* v. *VanBuskirk, supra.* We need not, therefore, determine as to the correctness of instruction three.

The jury answered interrogatories 12 and 13, "Evidence don't show." Before they were discharged, appellant filed its motion to require the jury to answer said interrogatories "affirmatively or negatively," which motion the court overruled. Appellant has not called our attention to any evidence upon which the jury could have answered said interrogatories "affirmatively or negatively," and we cannot, from the answers to the other interrogatories, say

that there was any such evidence. The court did not err, therefore, in overruling said motion.

On the trial, appellee, who is the widow of Theodore Cregor deceased, was called to testify as a witness; but appellant objected to her testifying concerning matters which occurred prior to her husband's death, and the court overruled the objection. This ruling of the court is assigned as a cause for a new trial. Section 504, Burns' R. S. 1894 (496, Horner's R. S. 1897), provides that "all persons, whether parties to or interested in the suit, shall be competent witnesses in a civil action or proceeding, except as herein otherwise provided." It is evident, therefore, that appellee was a competent witness, unless rendered incompetent by sections 506, 507, Burns' R. S. 1894 (498, 499, Horner's R. S. 1897). Said section 506 (498), *supra,* provides that "in suits or proceedings in which an executor or administrator is a party, involving matters which occurred during the lifetime of the decedent, where a judgment or allowance may be made or rendered for or against the estate represented by such executor or administrator, any person who is a necessary party to the issue or record, *whose interest is adverse* to such estate, shall not be a competent witness as to such matters *against the estate.*" While appellee was a party to the issue and record, her interest was not adverse to the estate; and she did not testify against the estate, but in favor of it. Said section did not, therefore, render her incompetent. Section 507 (499), *supra,* provides that "In all suits by or against heirs or devisees, founded upon a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior.

to the death of the ancestor." This section only applies to the cases therein specified. *Cross* v. *Herr*, 96 Ind. 96; *Lamb* v. *Lamb*, 105 Ind. 456. This action is not "founded upon contract" nor upon a "demand against the ancestor," but lies *in tort,* and appellee is, therefore, not rendered incompetent. It follows that the court did not err in overruling appellant's objection to the competency of appellee to testify as a witness to matters which occurred during the lifetime of the deceased. *Bischof* v. *Mikels*, 147 Ind. 115, 118; *Louisville, etc., R. W. Co.* v. *Thompson*, 107 Ind. 442, 456. Appellant also assigned as causes for a new trial, that the court erred in overruling appellant's motion for a judgment in its favor on the special verdict, and that the court erred in sustaining appellee's motion for a judgment in her favor on the special verdict. Overruling or sustaining motions for a judgment on a special verdict is not a cause for a new trial. The correctness of the rulings on such motions can only be presented by assigning such ruling as error in this court. *Horn* v. *Eberhart*, 17 Ind. 118; *Byram* v. *Galbraith*, 75 Ind. 134; *Northwestern, etc., Ins. Co.* v. *Blankenship*, 94 Ind. 535, 548; *Louisville, etc., R. W. Co.* v. *Green*, 120 Ind. 367, 372, 373; Elliott's App. Proc., sections 343, 350, 846, 847. No question is presented, therefore, by said specifications in the motion for a new trial. Finding no available error in the record, the judgment is affirmed.