MISSOURI, K. & T. RY. CO. OF TEXAS v. WATSON. (No. 1809.)

(Court of Civil Appeals of Texas. Texarkana. June 1, 1917. Rehearing Denied June 21, 1917.)

COMMERCE ⬯27(8)—INJURY IN INTERSTATE COMMERCE.

A railroad section hand, injured while assisting the assistant foreman of the section crew in taking ties unloaded on the right of way to a stack near the toolhouse for convenience, and to keep them in good shape for future use, was not injured in interstate commerce, though the branch of the railroad on which the ties were afterwards used was employed by the road in handling interstate freight.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by J. W. Watson against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

On the 8th day of April, 1915, the appellee, J. W. Watson, while in the performance of his duties as a section hand in appellant's service at Floyd, Tex., sustained bodily injuries for which he claims damages in this suit. At the time of the injury, appellee was engaged in helping to stack on the right of way creosoted pine ties which had been unloaded that morning from cars and thrown beside the track. The section men were working on this occasion two men to a tie, but appellee claims that on previous occasions the same character of work was done with three or four men to the tie. The ties were carried beyond a side track and stacked by the toolhouse until they should be needed in the track at some future time, at which time they would be loaded on a push car and transported to the place where they would be used in the repair of the track. According to appellee's testimony, he, under the direction of the assistant foreman of the section crew, took up one end of a tie, and the assistant foreman took up the other end, for the purpose of carrying same to the place where it was to be stacked. He testified that he had had very little experience in stack-

ing ties; that he did not know the weight of the tie he was directed to help stack; that he expected the tie to weigh from 80 to 100 pounds, which is the ordinary weight of pine ties, but that it was in fact a creosoted green pine tie and much heavier than he had anticipated; and that the assistant foreman, after raising his end of the tie and before appellee had entirely straightened up and without notice or warning to him, suddenly let his end of the tie drop, which jerked the appellee down, seriously and permanently injuring him. There is evidence showing that the tie was afterwards weighed, and that its weight was found to be 240 pounds. It is alleged in the petition that appellee was injured as the proximate result of the negligence of the foreman in failing to designate a sufficient number of men to handle the tie in question with safety, or that his injuries were caused by the negligence of the assistant foreman in dropping his end of the tie without notice or warning. The defendant answered by denial and pleaded contributory negligence and assumed risk, and specially pleaded that the work being done by the plaintiff was connected with interstate commerce, and that the liability of the defendant should be determined by the act of Congress applying to the situation; and by plea that the injury plaintiff was suffering from was solely due to disease existing prior to the time of the alleged injury. There was a trial to a jury, and verdict for the plaintiff. There is involved in the verdict, which is supported by the evidence, the finding of fact that Charles Nolan, an employé of appellant, was guilty of negligence in turning loose the tie, as alleged, proximately causing permanent injury to the appellee, and that the injury to appellee is not, in point of fact, the result of any assumed risk as a consequence of his conduct or in the performance of the work he was doing. The evidence supports the amount of the verdict.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Shields, of Greenville, for appellee.

LEVY, J. (after stating the facts as above). The court instructed the jury upon assumed risk, and conditioned the finding against the appellee upon whether or not a person of ordinary prudence would have undertaken the work and have continued in the service with a knowledge of the defect and danger. The charge follows the definition of assumed risk as given in article 6645, R. S. The appellant predicates error in the instruction upon the ground that the evidence shows that the plaintiff in assisting in carrying the tie in question to the stack was engaged in interstate commerce, within the meaning and terms of the federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]) and as-

sumed risk, as defined by the state statute, is not applicable. It is believed that the state law as to assumed risk governs the case, and that the objection to the court's charge may not avail in this case. According to the evidence, about 6 o'clock on the morning of April 8th a tie train of appellant was carried into Floyd, and the train crew, assisted by the section crew, unloaded the ties on the right of way. About 6 o'clock p. m. of the same day, and after the section crew had come in from their usual work on the section, the work of stacking the unloaded ties was begun. These ties were not being carried and put immediately into the track, but were being carried by hand and put into a stack near the toolhouse for convenience and to keep them in good shape for future use. The duty of the section crew was only to remove the ties from the right of way and stack them at a place from which they could be taken as thereafter required for use. The section foreman testified:

"These ties that were being stacked there were for the purpose of being used in the track, and they were afterwards used in the track of the Missouri, Kansas & Texas Railway Company's McKinney branch."

The evidence as to use of appellant's road consists of the testimony of the witness Russell, as follows:

"I live in Greenville, and am local freight agent for the Missouri, Kansas & Texas Railway Company of Texas, and was in April of last year. In April of last year, the Missouri, Kansas & Texas Railway Company of Texas handled freight and passengers from Texas points to other states and from other states to Texas points over its McKinney branch."

It is concluded that the proof does not show that the appellee was injured while engaged in interstate commerce. The case of Railway Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941, has similar facts, and, it is believed, is decisive of the question involved in the case here.

It is believed that the allegations in the petition are broad enough to admit the evidence of Dr. Hauchey, as complained of in the fifth assignment of error. Railway Co. v. McMannowitz, 70 Tex. 73, 8 S. W. 66.

The evidence complained of in the sixth, seventh, eighth, and ninth assignments of error was competent evidence in the case, and there was no error in admitting it.

In view of the entire record, it is believed that reversible error may not be predicated upon the admission of the evidence complained of in assignments of error numbered 10 to 17, inclusive.

If the testimony of the appellee and that of Dr. Smith as to the injury and extent of it be taken as establishing the extent of injury suffered by appellee, then it may not be said by this court that the jury were not authorized to find the amount of the verdict as compensation for the injury sustained.

The judgment is affirmed.