CENTRAL INDIANA RAILWAY COMPANY v. MITCHELL.

[No. 14,999. Filed January 27, 1936. Rehearing denied April 24, 1936.]

*Arthur C. Beckman,* for appellant.

*Cloe, Campbell, Cloe & Cloe,* for appellee.

WIECKING, J.—This was an action below by appellee as plaintiff against Central Indiana Railway Company, appellant, and one Harry Sinnott as co-defendants in which damages were sought for personal injuries by reason of a collision at an intersection between the railroad tracks of the defendant company and a public highway in Hamilton County, Indiana, in which the plaintiff was injured. The cause was tried upon the second amended complaint of appellee in two paragraphs, the first of which detailed the circumstances of the collision, alleged the employment of the appellee by the appellant and that appellant had rejected the provisions of the Indiana Workman's Compensation Act. The second paragraph of amended complaint, after alleging the same facts as to the collision and the employment, alleged that the appellee and appellant were engaged in interstate commerce at the time of the injury complained of and negatived respectively any contributory negligence or assumption of risk by the appellee. To this amended complaint the defendant Sinnott filed an answer in general denial and the appellant filed an answer in three paragraphs, the first in general denial, the second alleging that at the time and place complained of that the appellant was engaged in the operation of a steam railroad in interstate commerce and that appellee was the employee of the appellant and was engaged in interstate commerce and that appellee was guilty of contributory negligence; the third paragraph of answer, after alleging the same facts as to the parties

being engaged in interstate commerce, proceeds on the theory of assumption of risk by appellee. The appellee filed a reply in general denial to the second and third paragraphs of answer of the appellant which closed the issues. Before filing answers the appellant had filed a motion to make the second paragraph of amended complaint more specific, which was overruled; a motion to strike out parts of the appellee's second paragraph of amended complaint which was overruled and a demurrer to the second paragraph of amended complaint which was also overruled. No election was forced by the appellant as to the two paragraphs of complaint. The cause was tried before a jury, which returned a general verdict for the appellee and against both defendants in the sum of $7,000.00, and likewise returned into court answers to seventeen interrogatories propounded to the jury by the appellant. The appellant then filed a motion for judgment upon the answers to the interrogatories which motion was overruled, and then filed its motion for new trial setting up twenty-eight reasons therefor. The reasons assigned here for reversal are: (1) the action of the court in overruling the appellant's motion to make the second paragraph of amended complaint more specific; (2) the action of the court in overruling appellant's motion to strike out parts of the second paragraph of amended complaint; (3) the action of the court in overruling appellant's demurrer to the second paragraph of amended complaint; (4) the action of the court in overruling appellant's motion for judgment upon the answers to the interrogatories propounded to the jury; and (5) overruling appellant's motion for new trial.

The evidence in this cause establishes the following facts: That the appellee was employed by appellant Central Indiana Railway Company as a section hand and on the day the accident happened had been engaged with one Gascho in collecting debris and piling it along

the right of way for burning. Some time during the morning the rest of the crew in charge of the foreman came along on a gasoline propelled motor car of the appellant and picked up the two men. It had begun to mist or rain. As they approached a highway crossing known as the Hazel Dell Crossing from the west at a place where the railroad tracks ran east and west, they could see an automobile approaching from the south driven by the defendant Sinnott. At this crossing the view of the automobile driver from 100 to 150 feet south of the tracks along the railroad to a point 150 to 200 feet west of the crossing is unobstructed. The railroad tracks from the west to the crossing are slightly down grade. The evidence discloses that the power had been shut off the motor car at a point about 1200 feet west of the crossing, that the motor car was coasting, approaching the intersection at a speed of from 15 to 25 miles per hour and the defendant Sinnott was approaching from the south at a speed of about 15 miles per hour. Sinnott had a Mr. Douglas riding with him and they were talking. He lived in the neighborhood and knew about the railroad crossing. The day was rainy and the windshield and side windows of the car were misty and he kept wiping them to see out. As he approached the track he slowed down to about 10 miles an hour but did not stop until after the collision. Just as he entered the crossing he was wiping his window to look out when the collision occurred. The foreman in charge of the motor car and the men on it saw the automobile when they were about 100 feet west of the crossing. When about 60 or 75 feet west of the crossing most of the men jumped up and started yelling to attract Sinnott's attention. At a point 30 feet west of the crossing two men jumped off the motor car. The appellee was riding on the front of the motor car on the south side. That the appellant's foreman in charge of the motor

car had it under control and could have stopped before it got to the crossing. There is some conflict in the evidence as to the speed of the automobile and the speed of the motor car as they approached the crossing and as to which vehicle was first on the crossing, but a collision did occur which threw the appellee from the motor car and fractured his leg in seven places. He was taken to a hospital in Noblesville by Sinnott and was in the hospital for some thirteen weeks, a great part of the time with his leg in a cast. The medical evidence shows a shortening of that limb of about three-quarters of an inch, a limitation of motion of about 25 per cent and some atrophy of the muscles of the limb. At the time of the accident the appellee was earning $18.25 per week. he was 44 years of age and his expectancy of life was over 25 years.

As pointed out, *supra,* the appellant did not force an election by the appellee and the case was tried upon both paragraphs of amended complaint. No question was raised by any motion or demurrer of the appellant to the first paragraph of complaint. The evidence clearly establishes that the appellant had rejected the provi-- sions of the Indiana Workmen's Compensation Act. Section 10 of that Act, being Section 40-1210, Burns' Annotated Statutes 1933 Indiana (§16386, Baldwin's 1934), is as follows:

"40-1210 (9455). Defenses to employer not operating under act.—Every employer, except as provided in section eighteen (§40-1218), who elects not to operate under this act shall not in any suit at law by an employee to recover damages for personal injury or death by accident be permitted to defend any such suit at law upon any one or all of the following grounds:

(a) That the employee was negligent;

(b) That the injury was caused by the negligence of a fellow employee;

(c) That the employee had assumed the risk of the injury. (Acts 1929, ch. 172, §10, p. 537.)"

The first paragraph of amended complaint proceeds upon the theory of a common-law action for negligence and in view of the above statute, the second and third paragraphs of answer could not apply as defenses to the first paragraph of amended complaint.

The verdict of the jury is a general verdict. The answers to the interrogatories indicate that the appellee was not engaged in interstate commerce at the time the collision occurred and if this fact is supported by the evidence, the presumption must be that the verdict of the jury was founded upon the first paragraph of amended complaint. This being true any error of the court in overruling the motion to make the second paragraph of amended complaint more specific, in overruling the motion to strike out parts of the second paragraph of amended complaint or in overruling the demurrer to the said second paragraph of amended complaint was harmless error. *Laughery Turnpike Co.* v. *McCreary* (1897), 147 Ind. 526, 46 N. E. 906; *Robinson* v. *Dickey* (1896), 143 Ind. 205, 42 N. E. 679; *Miller et al.* v. *Rapp* (1893), 135 Ind. 614, 34 N. E. 981, 35 N. E. 693; *Cincinnati, etc., R. R. Co.* v. *Cregor, Admx.* (1898), 150 Ind. 625, 50 N. E. 760; *Laramore* v. *Blumenthal* (1915), 58 Ind. App. 597, 108 N. E. 602.

The uncontradicted evidence in this case is that on the day in question the only duty of the appellee had been the collection of trash and debris along the right of way of appellant company and piling it for the purpose of burning.

The true test laid down by the courts of this state is found in the case of *Cleveland, etc., Ry. Co.* v. *Ropp* (1921), 190 Ind. 115, 124, 129 N. E. 475, where it is stated as follows:

". . . was the employee at the time of the injury engaged in interstate transportation *or in work so closely related to it as to be practically a part of it.*" (Our italics.)

The appellant relies upon the case of *Pederson* v. *Delaware, etc., R. Co.* (1913), 229 U. S. 146, 33 S. Ct. R. 648, to sustain its contention that the appellee was engaged in interstate commerce. In the Pederson case the employee was engaged in certain work connected with the repair of a bridge used in interstate commerce, and as such was held to be employed in interstate commerce. The same rule would apply with equal force in this state if the appellee in this case had been employed in the actual repair or maintenance of bridges or tracks on the day in question. However, in a case decided by this court in *Chicago, etc., R. Co.* v. *Chinn* (1923), 86 Ind. App. 646, 651, 137 N. E. 885, it was held that an employee, engaged in the work of repairing railway track scales, was not so closely connected with interstate commerce so as to be controlled by the Federal Act. In that case this court distinguished the Pederson case in the following language:

"But other federal cases have established the rule that unless the employment is immediately connected with interstate transportation, it is not within the scope of the federal act." *Chicago, etc., R. Co.* v. *Chinn, supra.*

Similar questions have been before the courts of other states and it has been held that a section hand engaged in stacking ties along a railroad track was not engaged in interstate commerce [*Missouri, K. & T. Ry. Co. of Texas* v. *Watson* (1917), (Texas Civ. App.), 195 S. W. 1177] and that a section hand injured while putting out a fire which was spreading from the right of way to adjacent property was not engaged in interstate commerce [*Myers* v. *Chicago, B. & Q. R. Co.* (1922), (Mo.), 246 S. W. 257).

We do not believe that the appellee as a matter of law was engaged in interstate commerce on the day of the injury or that the collection of trash and debris

along the right of way was work so closely related to interstate transportation as to be practically a part of it.

The next question presented by the appellant is the action of the court in overruling its motion for judgment on the answers to the interrogatories propounded to the jury. We find no error in this ruling of the court.

The first two interrogatories were each bad on account of being dual questions. They were as follows:

"1. On February 12, 1930, was the plaintiff the employee of the defendant Central Indiana Railway Company and as such employee engaged in interstate commerce?

"2. On February 12, 1930, was the plaintiff the employee of the defendant Central Indiana Railway Company and, as such employee, engaged in intrastate commerce?"

It is apparent that while the answer to each of said interrogatories was in the negative, it is also impossible to tell which of the two questions in each was so answered by the jury.

While the balance of the interrogatories establish negligence of the defendant Sinnott, they do not clearly indicate that appellant was free from negligence which contributed to the appellee's injury or that Sinnott's negligence was the sole proximate cause of appellee's injury. The theory of appellee's complaint is that the concurrent negligence of both defendants caused the accident and subsequent injury. Therefore, the overruling of the motion for judgment on such answers to the interrogatories was not error.

The appellant also contends that the court erred in refusing to peremptorily instruct the jury for the appellant and in refusing its instruction number one which was also peremptory in character. In our opinion these instructions were properly refused. The question of negligence of either party or of

both parties concurrently was a proper question for the jury where there was some evidence to sustain the allegations of the complaint.

The appellant also contends, in the next assignment of error that the court erred in giving each of the instructions numbered 4, 5, 7, and 18 tendered by the appellee. We find no error in the giving of any of these instructions. Instruction number 4 given by the court as requested is identical with instruction number 14 tendered by the appellant with the exception of the omission of the word "wrongful" in the latter part of the instruction where reference is made to the "original wrongful act." The omission of the word in question did not change the meaning of the instruction. A mere verbal inaccuracy or the omission of a word in an instruction will furnish no ground for reversal. 1 Thornton Ind. Instruction 17, Sec. 19. Instruction number 5 is complained of because it did not again define proximate cause. This question was covered fully by the court in other instructions. Appellant contends instruction number 7 given at the request of the appellee is bad because it assumes and leads the jury to believe that there were negligent acts of each defendant. The instruction in question was a proper statement of the law where negligence of two defendants is alleged and was properly given by the court. *The Louisville, New Albany, etc., Ry. Co. et al.* v. *Duvall* (1872), 40 Ind. 246.

Instruction number 18 given by the court at the request of the appellee was on the question of damages. The only contention of appellant is that the words "if any" should have been inserted at two places in the instruction. Complaint is made that by the phraseology of the instruction the court erroneously assumed that material issues had been established and so indicated to the jury. We do not agree

with this contention. The instruction does not assume the truth of facts in issue, or that certain facts have been proven, for it begins with the condition "If you should find for the plaintiff on either paragraph of his complaint" and the jury could not find for him without finding that he had been injured. *I. F. Force Handle Co.* v. *Hisey* (1913), 52 Ind. App. 235, 96 N. E. 643.

The next specification of its motion for new trial is statement number 8 in which it is alleged that the court erred in giving instructions numbered 3, 4, 5, and 6 tendered and requested by defendant Sinnott. These instructions related solely to the negligence of appellant's co-defendant. If there were any error in such instructions it was against the appellee. The verdict and judgment in this case was against both defendants and appellant cannot complain that the instructions were unduly favorable to its co-defendant. *Bezera* v. *Associated Oil Co.* (1931), 117 Cal. App. 139, 3 Pac. (2d) 622; *Barr* v. *Natziger Baking Co.* (1931), 328 Mo. 423, 41 S. W. (2d) 559; *McGilliway* v. *Great Northern Ry. Co.* (1920), (Minn.), 176 N. W. 200.

Appellant also contends that the court erred in refusing to give numerous instructions tendered by the appellant. Instruction numbered four related to the duty of its co-defendant Sinnott. This subject was amply covered by several other instructions tendered by the appellant and given by the court. Instruction numbered fourteen was properly refused because it was covered by instruction numbered four given at the request of the appellee. Instruction numbered fifteen tendered by appellant in our opinion was properly refused because it ignored the law concerning appellant's liability for concurring acts of negligence, 45 C. J. 920, Sec. 485; *Louisville, etc., Lighting Co.* v. *Hynes* (1911), 47 Ind. App. 507, 91 N. E. 962; and also ignores the fact that there can be more than one cause

contributing to an injury for which negligent parties can be held responsible. *South Bend Manufacturing Company* v. *Liphart* (1895), 12 Ind. App. 185, 39 N. E. 908.

Instructions numbered seventeen and nineteen requested by appellant both sought to instruct the jury that the wet and slippery condition of the tracks was the proximate cause of the collision and if so the appellant would not be liable. We think these instructions were properly refused. The appellant could not escape liability for negligence by proving that its motor car slipped on the rails as a result of wet tracks. The weather condition was a circumstance to be considered by the jury along with the other facts in the case in determining the question of negligence. *St. Louis, etc., R. R. Co.* v. *Moore* (1912), 101 Miss. 768, 58 So. 471, 39 L. R. A. (N. S.) 978.

Instruction numbered eighteen tendered by appellant was properly refused. No attempt is made to apply it to the second paragraph of complaint alone. The first paragraph of amended complaint alleged the rejection by appellant of the Indiana Workmen's Compensation Act and assumption of risk would not be a proper defense to that paragraph of complaint.

Instruction numbered twenty-one tendered by appellant and refused by the court was fully covered by other instructions.

Instruction numbered twenty-three tendered by the appellant and refused by the court was properly refused in our opinion. In substance the instruction attempted to tell the jury that if the railway foreman shouted a warning and applied his brakes in an effort to slow down the speed of the motor car, they must find for the appellant company. Ordinary care was defined for the jury by other instructions given. The instruction contended for, in our opinion, violated the rule

that it is the sole province of the jury to determine from all of the evidence whether or not appellant's foreman exercised ordinary care in the operation of the railway motor car.

From a consideration of all of the instructions given and refused by the court on the trial of this case it is our opinion that the jury was properly instructed and there was no prejudicial error in either giving or refusing to give any of the instructions complained of by the appellant.

By its specification numbered eleven the appellant questions the action of the trial court with relation to the admission or exclusion of evidence on the trial.

While it is well settled that the exclusion of competent evidence or the admission of incompetent evidence is prejudicial error, from an examination of the evidence complained of we find no error by the trial court. Appellee's Exhibit "A" which was appellant's notice of rejection of the provisions of the Indiana Workmen's Compensation Act was certainly competent under the allegations of the first paragraph of amended complaint and the same is true of the question propounded to the witness Doyle Johnson with regard to whether the foreman's attention had been called to a sign on the motor car relative to speed. All of the exclusions of oral evidence complained of were upon immaterial matters.

Appellant contends certain photographs of the scene of the accident should have been admitted in evidence. We do not believe that the exclusion of such photographs was prejudicial error inasmuch as several other photographs of the same location were in evidence. The only difference is that in the photographs excluded the appellant's motor car is shown at various places on its tracks. It has been held heretofore by this court that the admission or rejection of photo-

graphs in evidence is a preliminary question and is a matter largely within the discretion of the trial court to decide whether or not the photographs can be of any assistance to the jury, and that its discretion will not be disturbed unless an abuse of such discretion is shown. *Havens* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149. Such an abuse of discretion is not apparent in the instant case.

Appellant also complains of certain questions propounded by its co-defendant Sinnott. The first of such questions was cross-examination. The specific ruling of the court with regard to this question is not set out in the brief. Furthermore the extent to which cross-examination may be carried is largely within the discretion of the trial court and no attempt is made to show how or in what manner the trial court abused such discretion. *The Pennsylvania Company* v. *Newmeyer* (1891), 129 Ind. 401, 28 N. E. 860.

The twelfth and thirteenth statements under this specification go to a question propounded to appellant's co-defendant Sinnott. The statements are simply set out without any reference to any specific objection in the brief and without any showing as to how or in what manner it was injured by the admission of such evidence. Throughout this eleventh statement under the Propositions, Points and Authorities in appellant's brief the same thing holds true. The objection made to the introduction or exclusion of evidence is not set out in the brief.

> "A party who objects to evidence must state the grounds of his objection particularly, and if the evidence is received over his objection he must, on appeal in this court, be confined to such specific objection." *The Indiana Improvement Company* v. *Wagner* (1894), 138 Ind. 658, 663, 38 N. E. 49.

Appellant also assigns as other causes in its motion for new trial that the verdict is not sustained by sufficient evidence and that the verdict is contrary to law.

It is fundamental that where the evidence is in conflict this court will not weigh the evidence and if there is any evidence to sustain the verdict it will not be disturbed. The essential elements of the first paragraph of amended complaint were the employment of the appellee, the concurring negligence of the appellant and its co-defendant, the injury to the appellee as a result, and the damages sustained by him. There is sufficient competent evidence to sustain each of these elements. In view of our holding that appellee was not employed in interstate commerce, assumption of risk or negligence of appellee's fellow-servant were not proper defenses nor was contributory negligence a defense. The verdict was not contrary to law.

The sole remaining question is raised by the assignment of error that the damages were excessive. We cannot so hold. The only evidence in the record shows that the earning capacity of the appellee was in excess of nine hundred dollars a year, that he was 44 years of age, in good health and his life expectancy was 25 years. For nearly two years after the accident and before the trial he had been wholly unable to work. That he spent considerable time in the hospital and now has some 25 per cent limitation of motion, with atrophy of the muscles of the leg and that the right leg is three-quarters inch shorter than the left. If he had continued his average earnings for only eight years, his earnings would have amounted to over $7,200.00 regardless of any compensation for pain and suffering.

The appellant contends that under the case of *Pederson* v. *Delaware, etc., R. R. Co., supra,* the jury should have taken into consideration the fact that appellee's

own negligence contributed to some extent to his injury and have reduced the amount of damages accordingly. As pointed out heretofore in this opinion, the appellee was not engaged in interstate commerce and this contention of appellant is therefore without avail. From a consideration of all of the facts in this case the award of $7,000.00 damages was not excessive.

Since we find no prejudicial error in the proceedings or rulings of the trial court, we hold that the trial court did not err in overruling appellant's motion for new trial.

Judgment affirmed.